**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 17, 2013

# In the Court of Appeals of Georgia

A13A0001. JONES v. THE STATE.

PHIPPS, Presiding Judge.

In this appeal, Jimmy Lee Jones maintains that he is entitled to relief from his child molestation conviction. Additionally, he claims that the trial court erred by denying his motion for the appointment of appellate counsel. For reasons that follow, we affirm the denial of the motion for appellate counsel, and dismiss the remainder of this appeal.

In 1995, in the Superior Court of Clayton County, Jones entered a negotiated guilty plea to a child molestation charge on a multi-count indictment, and the remaining charges against him were dismissed; Jones was granted first offender

treatment,[1] pursuant to which no judgment of guilt was entered, and ordered to serve a five-year sentence on probation.

Before the expiration of the probationary period, the state filed a petition for adjudication of guilt and imposition of sentence, alleging that Jones had violated certain probationary terms. After a hearing thereon, the trial court executed an order on August 20, 1997 (which was entered on August 25, 1997), determining that Jones had violated probationary terms, adjudicating Jones guilty of child molestation and sentencing him to imprisonment. On September 19, 1997, Jones filed a notice of appeal; the state moved the trial court to dismiss it on the ground that an appeal from a probation revocation was discretionary pursuant to OCGA § 5-6-35.[2] Jones had not followed said procedures, and the trial court dismissed Jones's notice of appeal in February 1998.

More than a decade later, on May 31, 2012, Jones, proceeding pro se, filed in the Superior Court of Clayton County a "Motion to Set Aside Void Order Dated

---

[1] See OCGA § 42-8-60 et seq.

[2] See *Dean v. State*, 177 Ga. App. 123, 124 (1) (338 SE2d 711) (1985) (concluding that the discretionary appeal procedure of OCGA § 5-6-35 (a) (5) is applicable to the revocation of "first offender" probation); see also *Freeman v. State*, 245 Ga. App. 333 (537 SE2d 763) (2000).

2

August 20th, 1997," which Jones subtitled, "Petitions – Error Coram Nobis and/or Audita Querela-sic." Therein, Jones complained that, without counsel, he had been confronted with the probation revocation proceedings that resulted in an order of adjudication of guilt and the imposition of a sentence of imprisonment. Further, Jones pointed out that, at the probation revocation hearing, he had objected to proceeding without appointed counsel. The transcript of the probation revocation hearing shows that the trial court overruled Jones's objection, explaining that Jones *had* been afforded an opportunity to have an attorney, that a court administrator had interviewed him, that Jones had refused to talk to the court administrator and had refused to provide him any financial information, and that Jones thus had not complied with the conditions necessary to get a court-appointed attorney. Nevertheless, in his 2012 motion, Jones relied upon a line of cases, represented here by *Barnes v. State*,[3] in an attempt to support his argument that the cited circumstances warranted his child molestation sentence of imprisonment to be vacated as "void."

---

[3] 275 Ga. 499, 502 (2) (570 SE2d 277) (2002) ("Under *Shelton*, it is now established that absent a knowing and intelligent waiver, no indigent person may be imprisoned for any offense, or sentenced to a probated or suspended prison term, unless he was represented by counsel at his trial."), citing *Alabama v. Shelton*, 535 U. S. 654 (122 SCt 1764, 152 LE2d 888) (2002) (holding that the Sixth Amendment right to appointed counsel is triggered when an indigent defendant is given a probated or suspended prison sentence).

The trial court summarily denied Jones's 2012 motion, and Jones thereafter filed a motion seeking the appointment of appellate counsel, which the trial court also denied. Jones proceeds pro se in this appeal, challenging these rulings.

1. In several related claims of error, Jones contests the denial of his motion, characterizing his sentence of imprisonment as "void" and citing OCGA § 17-9-4.[4] But as we explain below, Jones's motion provided no basis to vacate the challenged sentence.[5]

"A sentence is void if the court imposes punishment that the law does not allow."[6] Jones's motion did not set forth any argument that the *sentence* imposed upon him in 1997 for child molestation was not authorized by law.[7] Instead, he

---

[4] OCGA § 17-9-4 provides: "The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."

[5] See *State v. Green*, 308 Ga. App. 33 (706 SE2d 720) (2011) (noting that appellate review of a trial court's ruling on a question of law is de novo).

[6] *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010) (citation and punctuation omitted).

[7] See generally *Jackson v. State*, 238 Ga. App. 559, 560 (2) (520 SE2d 11) (1999) ("So long as the sentence imposed is within the statutory limits, we will not disturb it.").

4

complained that he was without counsel during the probation revocation proceedings, which proceedings resulted in the sentence of imprisonment. Looking to the substance of Jones's claims, Jones's motion challenged not his sentence, but his conviction.[8]

In *Chester v. State*,[9] the Supreme Court of Georgia held that "OCGA § 17-9-4 allows criminal defendants to challenge their convictions at any time by filing any motion or pleading alleging their conviction is void."[10] But soon thereafter, in *Harper*

---

[8] See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010) (noting distinction between challenges to convictions and challenges to sentences); *Jones v. State*, 278 Ga. 669, 670-671 (604 SE2d 483) (2004) (sentence is void if it imposes punishment that the law does not allow; rulings on pleadings asserting erroneous procedure or unfair treatment are not rulings on whether the sentence is void; inasmuch as the assertions contained in appellant's post-appeal motion that sought sentence modification did not allege that the sentences imposed were void as outside the statutory range of punishment, appellant was not entitled to a direct appeal from the trial court's adverse ruling); *Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010) (holding that, although appellant had styled his post-conviction pleading as a "Motion to Correct Illegal Sentence" and had characterized therein his sentence as "void," his claims of error – including the denial of effective assistance of counsel – challenged only the procedures employed in imposing the sentence and did not present a colorable claim of voidness of sentence, which was within the statutory range of punishment); *Green*, supra at 34-35 (1) ("A claim challenging a conviction and a claim challenging the resulting sentence as void are not the same.").

[9] 284 Ga. 162 (664 SE2d 220) (2008), overruled in part, *Harper v. State*, 286 Ga. 216, 217 (1) (686 SE2d 786) (2009).

[10] *Harper*, supra (explaining the holding in *Chester*, supra) (footnote omitted).

5

*v. State*,[11] the Supreme Court of Georgia overruled that holding, concluding that "[a] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."[12] The Court explained that "the only remedy for asserting the right to challenge a judgment of conviction as void under OCGA § 17-9-4 is one of the three statutory procedures":[13] an extraordinary motion for new trial, under OCGA § 5-5-41; a motion in arrest of judgment, under OCGA § 17-9-61; or a petition for habeas corpus, under OCGA § 9-14-40.[14]

Jones's motion cannot be construed as any one of such pleadings. That is, "we cannot construe the motion as an extraordinary motion for new trial since that remedy is not available to one who pled guilty."[15] "[A] motion in arrest of judgment must be

---

[11] Supra.

[12] Id. at 218 (1), overruling *Chester*, which had authorized a defendant to move to have a judgment of conviction declared void pursuant to OCGA § 17-9-4.

[13] *Harper*, supra at 217 (1), n. 1.

[14] See id. at 217 (1); *Matherlee v. State*, 303 Ga. App. 765, 766 (694 SE2d 665) (2010) ("The only remedy for asserting the right to challenge a judgment of conviction as void under OCGA § 17-9-4 is through one of the statutory procedures set out in OCGA § 5-5-41 (extraordinary motion for new trial), OCGA § 17-9-61 (motion in arrest of judgment), or OCGA § 9-14-40 (petition for habeas corpus).") (footnote omitted), citing *Harper*, supra at 217 (1).

[15] *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004) (footnote omitted).

6

filed within the same term of court in which the judgment was entered,"[16] and Jones's

motion was not so filed.[17] And "we cannot construe [Jones's] claim as a habeas

petition because it was filed in the convicting court rather than in the county in which

[he] is incarcerated."[18]

---

[16] Id., citing OCGA § 17-9-61 (b).

[17] Jones's motion underlying this appeal was filed in 2012, more than a decade after his child molestation conviction.

[18] *Wright*, supra (footnote omitted). At the time he filed his motion, Jones represented that he was then incarcerated at Ware State Prison, Ware County. Notably, in this court, Jones represents that the challenged (child molestation) "conviction in Clayton County was used in Fulton County to Enhance Sentence," but see *Smith v. State*, 234 Ga. 390, 392 (216 SE2d 111) (1975) (holding that a person who is being restrained under sentence of a state court of record must file a habeas corpus petition in the county where he is restrained, and that this rule applies even if the sentence being attacked is not the one being served).

Given the foregoing, "[Jones] was not entitled to file a motion to vacate his criminal conviction and his appeal [therefrom] is subject to dismissal."[19] Jones's reliance upon procedurally inapposite cases such as *Barnes*[20] is misplaced.

2. Jones's remaining attacks upon his child molestation conviction do not rescue this portion of his appeal from dismissal.

(a) Jones contends that the trial court erred in denying his motion to vacate void order "without giving a written opinion, or citing any authority of law." Contrary to Jones's bare assertion on appeal, the summary order (ruling on a motion that Jones

---

[19] *Harper*, supra at 218 (2) (dismissing appeal, where appellant was not entitled to file a motion to vacate his criminal conviction); see *Williams*, supra (because a motion to correct illegal sentence or conviction is not an appropriate remedy to attack a conviction in a criminal case, appeal is subject to dismissal, where claim is a challenge to criminal conviction); *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010) (regardless of nomenclature, appellant's motions sought to set aside or vacate his criminal convictions, but because he was not authorized to seek relief from his criminal convictions pursuant to motions to vacate or correct a void conviction, the appeal was subject to dismissal); *Matherlee*, supra (dismissing appeal, where appellant was not entitled to file in the trial court a motion to vacate the judgment of conviction on the ground that it was void). Compare *Hambrick v. Brannen*, 289 Ga. 682 (715 SE2d 89) (2011) (reaching merits of claim that right to counsel was violated during an underlying probation revocation proceedings, where claim had been asserted within a petition for writ of habeas corpus ).

[20] Supra (concerning a direct appeal).

8

was not entitled to file[21]) did not "violate[] the rights to access the courts, meaningfully, and equal protection and due process of law."

(b) Jones's characterization of his 2012 motion as "Petitions – Error Coram Nobis and/or Audita Querela-sic" is unavailing.

(i) Several decades ago, the Supreme Court of Georgia "established that a writ of error coram nobis is merely the ancient grandfather of an extraordinary motion for new trial based on newly discovered evidence" and thereupon

> recommend[ed] to the Bar [and hence, pro se parties] to finally grant this lingering ghost a peaceful rest. Indeed, with the myriad of avenues for post-conviction relief, differing nomenclature for identical modes of procedure merely serves to muddle trial practice and confuse those judges and justices charged with the task of appellate review.[22]

Accordingly, this court recently observed,

> [A]s [a petition for writ of error coram nobis] is the ancestor of an extraordinary motion for new trial based on newly discovered evidence, the prerequisites for issuing a writ of error coram nobis or for granting an extraordinary motion for new trial based on newly discovered evidence appear to be identical. Before a court authorizes either, it is

---

[21] See Division 1, supra.

[22] *Waye v. State*, 239 Ga. 871, 873-874 (1) (238 SE2d 923) (1977); see *Harris v. State*, 269 Ga. App. 92, 93 (1) (603 SE2d 490) (2004).

generally required that the moving or petitioning party base the pleading on facts which are not part of the record and which could not by due diligence have been discovered at the time of the trial.[23]

The pleading at issue here, Jones's 2012 motion challenging the child molestation conviction,[24] was *not* based on facts which were not part of the record and which could not by due diligence have been discovered at the pertinent time; rather, his 2012 motion was grounded on the lack of counsel during the probation revocation proceedings, which unquestionably *was* known to Jones during the proceedings.[25] "Thus, [Jones] could not properly challenge his [child molestation conviction] under a writ of error coram nobis."[26]

---

[23] *Seabrook v. State*, 315 Ga. App. 801, 802 (728 SE2d 322) (2012) (citation omitted).

[24] See text accompanied by footnote 8.

[25] See *Parris v. State*, 232 Ga. 687, 688 (208 SE2d 493) (1974) (noting the inappropriateness of a writ of error coram nobis to challenge a conviction, which challenge claimed that the conviction stemmed from a hearing at which the right to counsel was violated; noting that such a writ lies for an error of fact not apparent on face of the record); *Seabrook*, supra (holding that defendant could not properly challenge the validity of his plea under a writ of error coram nobis, where his claims – including a violation of the right to counsel – were known to defendant at the time that he entered his plea of guilty).

[26] *Seabrook*, supra; see *Parris*, supra.

Moreover, Jones pled guilty to child molestation; and as stated above,[27] an extraordinary motion for new trial is not a remedy available to one who pled guilty.[28]

(ii) Jones's reference to an "Audita Querela" is unaccompanied by any legal authority that such a writ is a cognizable vehicle for providing him relief from the child molestation conviction. Unsupported, Jones's reference is unavailing.

(c) Jones asserts that his "1997 notice of appeal is still valid" to directly appeal his child molestation conviction for reason that the "[t]rial court does not have jurisdiction to dismiss a notice of appeal which is properly filed." While Jones might have timely pursued a challenge to the dismissal of the 1997 notice of appeal,[29] he apparently did not do so. Contrary to his assertion, the 1997 notice of appeal – since dismissed – is ineffective at this juncture to directly appeal his child molestation conviction.

---

[27] See Division 1, supra.

[28] See *Wright*, supra (citing *Davis v. State*, 274 Ga. 865-866 (561 SE2d 119) (2002) ("One who has entered a plea of guilty cannot move for a new trial, as there was no trial.") (citation and punctuation omitted)).

[29] See *American Med. Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008) (explaining that a trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal, whereas a trial court's order dismissing an improperly filed direct appeal should be considered an interlocutory order and is not subject to a direct appeal).

3. Jones challenges the trial court's order denying his motion for the appointment of appellate counsel.[30] But his contention is unavailing, given these instructions provided in *Rooney v. State*:[31]

> [A] trial court retains jurisdiction over certain matters including appointment of counsel on appeal. However, an indigent defendant is entitled to representation by counsel only for trial and for the direct appeal from the judgment of conviction and sentence.[32]

Accordingly, the trial court correctly determined that Jones was not entitled to appointed appellate "counsel to pursue either the [Motion to Set Aside Void Order Dated August 20th, 1997] or an appeal from the denial thereof."[33] The trial court's

---

[30] See *Pierce v. State*, 289 Ga. 893, 894 (1) (717 SE2d 202) (2011) (noting that "a final decision refusing to appoint post-conviction counsel generally is itself directly appealable").

[31] Supra.

[32] Id. at 7 (4) (citations and punctuation omitted).

[33] Id. (citation omitted); see *Orr v. State*, 276 Ga. 91, 93 (3) (575 SE2d 444) (2003) (concluding that the trial court did not err when it did not appoint counsel to aid appellant with his motion to void the judgment of conviction, where said motion was not a direct appeal).

order denying Jones's motion for the appointment of appellate counsel is thus affirmed.[34]

*Judgment affirmed in part and appeal dismissed in part. Ellington, C. J., and Branch, J., concur.*

---

[34] See *Rooney*, supra; *Orr*, supra.