# Court of Appeals
# of the State of Georgia

ATLANTA,   August 13, 2015

*The Court of Appeals hereby passes the following order:*

**A15A2260. LOUIS v. THE STATE.**

In August 2014, Deiter Louis pled guilty in the Superior Court of Gwinnett County to three counts of violating the Georgia Controlled Substance Act and obstruction of a law enforcement officer. In October 2014, he filed a motion to modify his sentence "pursuant to OCGA § 17-10-3," which the trial court denied on October 23, 2014. Louis did not file a direct appeal from his judgment of conviction or the denial of his motion to modify sentence. On January 26, 2015, after the commencement of a new term of court, Louis filed in the sentencing court a motion to vacate his convictions as void "pursuant to OCGA § 17-9-4." See OCGA §§ 15-6-3 (20) (The terms of the Gwinnett Circuit begin on the first Monday in March, June, and December and the second Monday in September.); 17-9-4 ("The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."). In his motion, Louis argued that the trial judge participated in plea discussions and made statements prejudicial to Louis in violation of Uniform Superior Court Rule 33.5. In addition, he argued that the prosecutor violated Uniform Superior Court Rule 33.3, which concerns the propriety of plea discussions and plea agreements, by requiring him to waive unidentified Fourth Amendment rights. The trial court denied the motion on February 2, 2015, and Louis, showing that he is now confined in Coffee County, filed a notice of appeal on February 24, 2015. We lack jurisdiction.

Under Georgia law, a petition to vacate a judgment of conviction in a criminal case is not an authorized remedy, although a petition to modify a sentence on the

ground that it is void is permitted. *Harper v. State*, 286 Ga. 216, 217-218 (1) (686 SE2d 786) (2009). See *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010) ("[A] sentencing court retains jurisdiction to correct a void sentence at any time.") (citations and punctuation omitted); *State v. Green*, 308 Ga. App. 33, 34-35 (1) (706 SE2d 720) (2011) ("[A] claim challenging a conviction and a claim challenging the resulting sentence as void are not the same.") (footnote omitted). Here, Louis does not contend that he received a sentence above the statutory maximum; rather, he challenges the convictions themselves.

Georgia law recognizes three mechanisms for challenging a conviction after it has been affirmed on direct appeal (or become final by operation of law): a criminal defendant may file in the sentencing court an extraordinary motion for new trial pursuant to OCGA § 5-5-41, provided the defendant did not plead guilty; may file in the sentencing court a motion in arrest of judgment pursuant to OCGA § 17-9-61, provided that the defendant files the motion during the term of court at which the judgment was entered; or may file in the county in which the defendant is incarcerated a petition for a writ of habeas corpus pursuant to OCGA §§ 9-14-40 through 9-14-53. *Harper v. State*, 286 Ga. at 217-218 (1) (686 SE2d 786) (2009); *Spargo v. State*, 773 SE2d 35, n. 1 (2015); *Jones v. State*, 322 Ga. App. 269, 270-272 (1) (745 SE2d 1) (2013).

> Louis's motion cannot be construed as any one of such pleadings. That is, we cannot construe the motion as an extraordinary motion for new trial since that remedy is not available to one who pled guilty. A motion in arrest of judgment must be filed within the same term of court in which the judgment was entered, and [Louis's] motion was not so filed. And we cannot construe [Louis's] claim as a habeas petition because it was filed in the convicting court rather than in the county in which he is incarcerated. Given the foregoing, [Louis] was not entitled to file a motion to vacate his criminal conviction and his appeal therefrom is subject to dismissal.

(Punctuation and footnotes omitted.) *Jones v. State*, 322 Ga. App. at 271-272 (1). See also *Harper v. State*, 286 Ga. at 217 n.1, 218 (2) (A direct appeal may lie from an

order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.).

For the foregoing reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*___08/13/2015___

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____, *Clerk.*