# Court of Appeals
# of the State of Georgia

ATLANTA,  November 06, 2020

*The Court of Appeals hereby passes the following order:*

**A20A2099. CRISTIFER WORTHANS v. THE STATE.**

In May 2018, a Coweta County jury convicted Cristifer Worthans of selling methamphetamine.[1] Worthans filed a timely motion for new trial, which was denied by the trial court. He then appealed, and this Court affirmed his conviction in an unpublished opinion. *Worthans v. State*, Case No. A19A0901 (decided July 17, 2019). Upon remittitur, Worthans filed a pro se "Motion for Denovo Hearing" challenging his conviction. The trial court denied the motion, and Worthans filed this direct appeal. We, however, lack jurisdiction.

Because Worthans's motion for new trial was denied and because his conviction was affirmed on direct appeal, he is now limited to three methods for challenging his conviction: an extraordinary motion for new trial, a motion in arrest of judgment, or a habeas corpus petition. See *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013); *Harper v. State*, 286 Ga. 216, 217-218 (1) (686 SE2d 786) (2009). First of all, Worthans's motion cannot be construed as a habeas corpus petition because it was filed in the convicting court rather than the county of incarceration. See *Jones v. State*, 322 Ga. App. 269, 271 (1) (745 SE2d 1) (2013). Furthermore, Worthans's motion cannot be construed as a motion in arrest of judgment because the motion was filed outside the term of court in which the judgment was rendered. See OCGA § 17-9-61 (b); *Jones*, supra.

---

[1] Although the trial court's order and Worthans's notice of appeal both reference a 2016 conviction, it is clear from the record that Worthans's conviction and sentence occurred in 2018.

We are then left with construing Worthans's motion as an extraordinary motion for new trial because it was filed after the trial court denied his first motion for new trial and more than a year after the judgment of conviction. See OCGA § 5-5-41 (b); *Jeffcoat v. State*, 299 Ga. App. 54, 54 (682 SE2d 131) (2009); see also OCGA § 5-5-40 (a). An appeal from the denial of an extraordinary motion for new trial requires compliance with the discretionary appeal procedure set forth in OCGA § 5-6-35. See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 331-332 (489 SE2d 129) (1997). "The requirements of OCGA § 5-6-35 are jurisdictional, and this court cannot accept an appeal not made in compliance therewith." *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Accordingly, Worthans's failure to file an application for a discretionary appeal deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,   11/06/2020
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.