**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 29, 2022**

# In the Court of Appeals of Georgia

A22A0564. LILLY v. THE STATE.

MILLER, Presiding Judge.

After the trial court granted his motion for an out-of-time appeal, James Lilly seeks review of the denial of his motion for new trial after a jury found him guilty of rape and exploiting an elder person. On appeal, he argues that (1) the trial court erred by allowing into evidence statements by the victim's daughters and a nurse who treated another witness; and (2) the evidence was insufficient to support his convictions. Recent precedent from the Supreme Court of Georgia, however, precludes us from hearing this appeal.

During the pendency of this appeal, the Supreme Court of Georgia decided the cases of *Cook v. State*, ___ Ga. ___ (Case No. S21A1270) (Mar. 15, 2022), and *Rutledge v. State*, ___ Ga. ___ (Case No. S21A1036) (Mar. 15, 2022). In *Cook*, the

Supreme Court determined that a standalone motion for an out-of-time appeal "is not a legally cognizable vehicle for a convicted defendant to seek relief from alleged constitutional violations" and that the sole remedy for a criminal defendant whose attempt to appeal was frustrated by ineffective assistance of counsel is to pursue such a claim through a petition for habeas corpus. Id. at ___ (5); slip op. at 81-83. In so holding, the Supreme Court directed that its decision in *Cook* applies to all cases in the "appellate pipeline" and that any trial court orders that have decided motions for out-of-time appeals on the merits "should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at ___ (4); slip op. at 78-81. In *Rutledge*, the Supreme Court applied *Cook* and vacated the denial of a motion for an out-of-time appeal and remanded for the trial court to dismiss the motion for lack of jurisdiction. *Rutledge*, supra, ___ Ga. at ___; slip op. at 3-4.

In light of this precedent, we must vacate the trial court's grant of Lilly's motion for an out-of-time appeal because it was "not a legally cognizable vehicle for a convicted defendant to seek relief from alleged constitutional violations." *Cook*, supra, ___ Ga. at ___ (5); slip op. at 81-83. Additionally, "we cannot construe [Lilly's motion for an out-of-time appeal] as a habeas petition because it was filed in the convicting court rather than in the county in which he is incarcerated." (Citation

2

omitted.) *Jones v. State*, 322 Ga. App. 269, 271 (1) (745 SE2d 1) (2013). Accordingly, we vacate the trial court's order granting Lilly's motion for an out-of-time appeal and remand for the trial court to dismiss the motion for lack of jurisdiction. We express no opinion on the merits of Lilly's challenge to his convictions.

*Judgment vacated and case remanded. Rickman, C. J., and Pipkin, J., concur.*