# Court of Appeals
# of the State of Georgia

ATLANTA, March 19, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1140. WILLIAM ELLIS v. THE STATE.**

In November 2013, William Ellis pleaded guilty to a single count of robbery and was sentenced to fifteen years, with the first seven to be served in confinement and the balance on probation. In August 2018, Ellis was paroled from prison, and in July 2020, he began serving the probationary portion of his sentence. The State moved to revoke Ellis's probation in November 2022, asserting that Ellis had violated his probationary conditions by committing several new offenses, including obstruction of a law enforcement officer, aggravated kidnapping, theft, and possession of a firearm by a convicted felon. Following a hearing, the trial court granted the revocation petition and on February 28, 2023, it resentenced Ellis to 20 years in incarceration with credit for time served in confinement and on probation. Ellis filed this direct appeal on August 3, 2023. We lack jurisdiction for two reasons.

First, appeals from probation revocation orders must be made by application for discretionary appeal.[1] See OCGA § 5-6-35 (a) (5); *Jones v. State*, 322 Ga. App. 269, 269 n. 2 (745 SE2d 1) (2013). Compliance with the discretionary appeals procedure is jurisdictional. *Hair Restoration Specialists v. State of Georgia*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (failure to comply with the discretionary appeal procedure, where applicable, requires dismissal of the appeal for lack of jurisdiction). Thus,

---

[1] In March 2023, we granted Ellis's emergency motion for an extension of time in which to file his application for discretionary appeal. See Case No. A23E0042 (March 29, 2023). No such application was ever filed, and we note that although the emergency motion was filed by counsel, Ellis is currently acting pro se.

Ellis's failure to follow the proper procedure deprives us of jurisdiction over this appeal.

Second, even if a direct appeal were proper in this case, Ellis's appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court. *Redford v. State*, 357 Ga. App. 247, 250 (850 SE2d 447) (2020). Ellis's notice of appeal was untimely, as it was filed more than five months after entry of the trial court's order.

For each of the foregoing reasons, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/19/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____, *Clerk.*