# Court of Appeals
# of the State of Georgia

ATLANTA, January 16, 2026

*The Court of Appeals hereby passes the following order:*

## A26A0802. DEKEITHEON MOBLEY v. THE STATE.

In 2022, Dekeitheon Mobley pled guilty to aggravated assault and possession of a firearm during the commission of a felony. On the aggravated assault count, the trial court sentenced Mobley under the provisions of the First Offender Act to serve a seven-year sentence, with the first two years to be served in confinement and the balance on probation; as to the firearm possession count, the trial court imposed a consecutive sentence of five years to serve, though the sentence was to be suspended if there was no further criminal conduct. In 2023, Mobley pled guilty to multiple counts of participation in criminal street gang activity and related offenses; Mobley received another sentence which included probation.

In 2025, the trial court entered an order revoking Mobley's probation, and Mobley filed this direct appeal from the trial court's order. The State has filed a motion to dismiss the appeal, arguing that this Court lacks jurisdiction. We agree.

Appeals from probation revocation orders must be made by application for discretionary appeal. See OCGA § 5-6-35 (a)(5); *Jones v. State*, 322 Ga. App. 269, 269 n. 2 (745 SE2d 1) (2013). Compliance with the discretionary appeals procedure is jurisdictional. *Smoak v. Dep't of Human Res.*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

In this case, Mobley's failure to follow the proper procedure deprives us of

jurisdiction. Accordingly, we hereby GRANT the State's motion and DISMISS this appeal.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*   01/16/2026

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*