## 32489. WAYE v. THE STATE.

NICHOLS, Chief Justice.

On November 11, 1974, appellant pled guilty to the rape and kidnapping of a female GBI undercover agent. Appellant received concurrent sentences of life imprisonment and 20 years imprisonment for the rape and kidnapping, respectively.

During the proceedings at which the appellant and his accomplice, James Edward Shivers, entered guilty pleas, the trial court not only advised the appellant of his rights, but also received evidence to establish the factual basis for the plea. In accomplishing the latter, the court heard testimony from the rape victim and the GBI agent who was present when the defendant was arrested. The victim clearly identified the appellant as one of the individuals who had repeatedly raped her. She further testified that during a struggle which ensued prior to the rape, she was able to grab her pistol and shoot the appellant in his side, that the appellant, with the aid of his accomplice, gained control of the firearm and threatened to kill her and that before she was released, she heard the appellant tell his accomplices, "[w]e can't leave this white girl out here alive." The GBI agent testified that when the appellant was arrested, he had in his possession the victim's revolver and was suffering from a wound in his side.

Some 18 months after the appellant had entered his guilty plea, he filed a motion to vacate the judgment imposed upon him, requesting in the motion permission to

withdraw his plea of guilty and a court order releasing him from prison. The grounds set out to support the motion to vacate were generally the following: that the plea of guilty was not voluntary, that the plea was not knowingly made, that assistance of counsel was ineffective, and that the trial court lacked jurisdiction over the defendant at the time the plea was entered. By amendment, the appellant added the grounds that the evidence was insufficient to support the "conviction" and that new evidence had been recently discovered "which would exonerate the defendant if granted a new trial."

Pursuant to this motion, the Judge of the Superior Court of Camden County signed a document entitled "Order for the Production of Defendant at Coram Nobis Hearing," which ordered the officials of the Department of Offender Rehabilitation to allow the Sheriff of Camden County to take custody of the appellant from officials at the department's Alto, Georgia correctional facility in Habersham County.

The trial court, after an extensive and thorough hearing, found against the appellant on all the six grounds and in a written order denied what the court called appellant's "Writ of Coram Nobis and Motion to Vacate Judgment."

Appellant-petitioner enumerates as error the findings of the trial court that the appellant's plea was freely, voluntarily and intelligently entered and that the evidence supported the appellant's plea of guilty.

1. The initial problem with which this court is confronted is how to properly treat the appellant's pleading in the court below for purposes of this appeal.

The petitioner seems to be seeking relief in the trial court by two means: a writ of error coram nobis and a motion to vacate a judgment in a prior criminal proceeding. What is a "writ of error coram nobis"? In *South v. State,* 72 Ga. App. 79, 81 (33 SE2d 23) (1945), the Court of Appeals said, quoting from another jurisdiction, " 'A writ of error coram nobis lies for an error of fact not apparent on the record, not attributable to the accused's negligence, and which, if before the court, would have prevented rendition of the judgment . . . No error of a court in applying the law to the facts could be rectified by means

of the writ, nor could any error of fact which was adjudicated in the action be reviewed . . . The writ has become obsolete, having been superseded by the modern practice of applying to the court by motion for the relief sought.' " The Court of Appeals went on to hold that "[T]he judge did not err in sustaining the demurrer to the motion, which the plaintiff denominated a writ of error coram nobis, for all of the facts stated as a ground for relief in the defendant's motion were facts which were apparent on the face of the written evidence in question which was introduced without objection and which in the exercise of due care, should have been known to the defendant at the time of the trial." Id. at 83.

The *South* case indicates that a writ of error coram nobis is the ancestor of an extraordinary motion for new trial based on newly-discovered evidence. The prerequisites for issuing a writ of error coram nobis or for granting an extraordinary motion for new trial based on newly discovered evidence appear to be identical. Before a court authorizes either, it is generally required that the moving or petitioning party base the pleading on facts which are not part of the record and which could not by due diligence have been discovered at the time of the trial. In *Riley v. State,* 107 Ga. App. 639 (131 SE2d 124) (1963), it was held: "[a] writ of error coram nobis does not lie to correct defects in a proceeding which were known to the party or his counsel at the time of the trial or which were apparent on the face of the record." Similarly, in *King v. State,* 174 Ga. 432 (163 SE 168) (1931), it was held by this court that an extraordinary motion for new trial based upon newly discovered evidence was properly overruled when it was shown that the defendant-movant did not exercise due diligence in discovering the evidence. See also *Rounsaville v. State,* 163 Ga. 391, 397 (136 SE 276) (1927).

Having established that a writ of error coram nobis is merely the ancient grandfather of an extraordinary motion for new trial based on newly discovered evidence, we would like to recommend to the Bar to finally grant this lingering ghost a peaceful rest. Indeed, with the myriad of avenues for post-conviction relief, differing nomenclature for identical modes of procedure merely

serves to muddle trial practice and confuse those judges and justices charged with the task of appellate review.

There was no evidence submitted at the hearing which would have authorized the grant of an extraordinary motion for new trial based on newly-discovered evidence. The appellant's enumerations of error and his accompanying supportive arguments deal with evidence which was known to the appellant, as well as his counsel, at the time that the appellant entered his plea of guilty. The appellant's additional ground for granting his motion as set out in his amended petition (to wit: that newly discovered evidence would require that the court grant a new trial) does not change our decision. The appellant has not alleged that this evidence was unknown to him at the time of his trial. As said in *Huguley v. State,* 120 Ga. App. 332, 333 (170 SE2d 450) (1969): "the defendant and his counsel both must show that the newly discovered evidence could not have been obtained by the exercise of ordinary diligence prior to trial. . . A mere statement that the evidence was unknown is insufficient to show ordinary diligence to discover the evidence."

As stated supra, the appellant entitled his initial post-conviction pleading as a "notice of the motion to vacate judgment." The law in this jurisdiction is clear that a motion to set aside a verdict and vacate a judgment (as distinguished from a motion in arrest of judgment) is not an appropriate remedy in a criminal case. *Beavers v. State,* 117 Ga. App. 801 (161 SE2d 891) (1968); *Bishop v. State,* 117 Ga. App. 93 (159 SE2d 477) (1968). In *Sims v. State of Ga.,* 230 Ga. 589, 590 (198 SE2d 298) (1973), the defendant filed a pro se pleading entitled a "Petition to Vacate Judgment and Sentence, for Writ of Error Coram Nobis, or Other Appropriate Relief." The defendant was seeking to vacate a guilty plea to the charge of assault with intent to murder entered by him in that court on July 18, 1966, and to have the court set aside the sentence imposed thereon. The defendant alleged that his guilty plea was not knowingly, voluntarily and willingly entered. This court held that "[t]he trial judge properly treated the petition as one for habeas corpus, since a motion to set aside a verdict and judgment is not an appropriate remedy in this state in a criminal case. *Waits v. State,*

204 Ga. 295 (1) (49 SE2d 495)."

Having determined that there did not exist sufficient grounds to authorize the grant of an extraordinary motion for new trial and that a motion to vacate is not an appropriate remedy in a criminal case, we look to substance over form and conclude that the appellant's pleading is a petition for habeas corpus. *Sims v. State,* supra. This brings us to the basis of our decision. It is settled law in the state that if a prisoner is incarcerated by authorities within the State of Georgia, the proper county in which to bring a writ of habeas corpus is the county in which he is detained. *Craig v. State,* 234 Ga. 398 (216 SE2d 296) (1975). This pleading was filed in Camden County, the county in which the appellant was tried for the crime for which he is currently incarcerated. At the time the appellant filed this pleading in the Superior Court of Camden County, he was imprisoned at the Department of Offender Rehabilitation's Alto facility in Habersham County, Georgia. Since the Superior Court of Camden County was not the county of the appellant's incarceration, it did not have the jurisdiction to pass on the merits of a writ of habeas corpus.

2. However, even if the appellant's petition for habeas corpus had been properly filed in Habersham County, the petition would lack merit based on the evidence adduced at the hearing.

In his appeal to this court, appellant enumerates as error the findings of the trial court that his plea was freely, voluntarily and intelligently entered and that the evidence supported his plea. He also argues that the trial court had not properly informed him of his potential sentence.

Appellant contended at the hearing on his motion to vacate the court's judgment and sentence that his plea was entered only after he was ordered to do so by his father. He further contends that his father was persuaded to this course of action by the appellant's previous attorney, who was alleged to have told the appellant and his father that the only way to avoid the electric chair was to plead guilty, that he was a personal friend of Governor Carter, and that he would see that the defendant only served two to three years in prison. He argues that as a

result of this alleged conduct by his attorney, his assistance of counsel was ineffective and his plea was not voluntarily, freely entered or intelligent.

The previous attorney testified that he made no remarks to the defendant or his father that would lead them to believe that his "political pull" could result in the appellant's sentence being reduced.

It is the job of the trial court to resolve any conflicts in the evidence when serving as a trier of fact. *Calhoun v. Caldwell,* 228 Ga. 804 (188 SE2d 498) (1974). There was sufficient evidence to authorize the court's findings that the appellant's plea was voluntarily, freely and intelligently entered. See *Barksdale v. Ricketts,* 233 Ga. 60, 61 (209 SE2d 631) (1974).

Further, the trial court did not err when it found that the appellant's previous counsel was effective. His previous counsel testified that he had 25 years of experience in practice and that he made ' recommendations to appellant only after extensive research. The trial court as the trier of fact properly determined that the advice given by appellant's counsel was competent and that his representation of the appellant was effective. See *Williams v. Caldwell,* 229 Ga. 453 (192 SE2d 378) (1972).

The appellant argues that he was not properly advised as to the length of the sentence he might serve. There is no constitutional requirement that a defendant be advised of the length of his sentence before a court accepts his guilty plea. *Hill v. Hopper,* 233 Ga. 633, 634 (212 SE2d 810) (1975). There was also sufficient evidence to show that the appellant was not under any misapprehension as to his possible sentence.

Finally, the appellant contends that there is insufficient evidence to support his plea because there was no ·corroborating testimony to support his "conviction" for rape as required by Code Ann. § 26-2001. First of all, there was no conviction of rape within the meaning of § 26-2001; the defendant pled guilty, thereby relinquishing all rights to a trial. Secondly, even if the defendant had been convicted of the crime after a trial of the issues, there was abundant evidence to corroborate the victim's testimony.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 1, 1977 — DECIDED OCTOBER 21, 1977.

*Alexis, Douglass & Young, Orion L. Douglass,* for appellant.
*Glenn Thomas, Jr., District Attorney, Johnny R. Moore, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.

# AMENDMENTS TO SUPREME COURT RULES.

## XXIII. FEDERAL APPELLATE COURTS

### Rule 42. (a) Certified Questions.

When it shall appear to the Supreme Court of the United States, to any Circuit Court of Appeals of the United States, or to the Court of Appeals of the District of Columbia that there are involved in any proceeding before it questions or propositions of the laws of this State which are determinative of said cause and there are no clear controlling precedents in the appellant court decisions of this State, such federal appellate court may certify such questions or propositions of the laws of Georgia to this court for instructions concerning such questions or propositions.

### (b) Formulation of Questions, Records, etc.

The court certifying to this court a question of law shall formulate the question and cause the question to be certified and transmitted to this court, together with copies of such parts of the record and briefs in the case as the certifying court deems relevant.

### (c) Docketing, etc. of Questions.

Such questions shall be docketed by the clerk as are other cases and the rules relating to oral arguments, briefs, motions, etc. in direct appeals shall apply.

### (d) Costs.

The costs in such proceeding shall be equally divided between the parties unless otherwise ordered by this Court.

### (e) Certificate.

The certificate shall be certified to the Supreme Court by the clerk of the appellate court certifying such questions under its official seal, which certificate shall be in the following form:

To the Supreme Court of Georgia

_____
Appellant

      v.                Name of certifying court

_____
Appellee

Pursuant to Rule 42 of the Supreme Court of Georgia, the [name of propounding court] requests an answer to a question of law which is deemed determinative of an action pending before said federal appellate court to which there is no clear controlling precedent in the decisions of the appellate courts of Georgia.

In support of such certificate, the following facts are shown the court:

1. [give statement of facts showing the nature of the cause and the circumstances out of which the question or proposition of law arises.]

2. [state the question of law to be answered.]

This certificate has been prepared by said federal court.

OFFICIAL SEAL: ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Clerk, [give name of court]

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Address

(By order of September 20, 1977)

**Editorial Note.** The Court, on September 20, 1977, inserted a new Section XXIII and Rule 42. Former Section XXIII was renumbered XXIV and former Rule 42 as Rule 43.

# XXIV. JUDICIAL CONDUCT

## Rule 43. Judicial Conduct.

**Editorial Note.** See Editorial Note following Rule 42.

## CORRECTIONS

Page 190, 9th line: Change "he" to "she."

Page 382, 11th from last line: Change "victim" to "defendant."

Page 465. 4th line: Change "56-3405d" to "56-3405b."

Page 640: Change docket number of McGarr case from "32394" to "32494."

Page 732, 5th line from bottom after "diligence" add "on the part of counsel."

Page 857, 14th from last line: change "Ch. 74-47" to "Ch. 74-4."

Page 869, 17th line: Change "§ 34" to "§ 35."