33170. MARTIN v. THE STATE.

HILL, Justice.

The defendant plead guilty to robbery and aggravated assault in the Superior Court of Cobb County. He was sentenced in November, 1971, to seventeen years imprisonment. In March, 1976, while incarcerated at

Reidsville Prison in Tattnall County, the defendant filed a motion to vacate and set aside in the trial court, the Superior Court of Cobb County. This motion was denied and the defendant appealed to the Court of Appeals. That court interpreted *Waye v. State,* 239 Ga. 871 (238 SE2d 923) (1977), to require that a motion to vacate be considered a petition for habeas corpus, thus placing the case within the jurisdiction of this court. Code Ann. § 2-3104.

The Court of Appeals has interpreted *Waye v. State,* supra, too broadly. In *Waye,* the prisoner filed a motion in the sentencing court and was transferred from the county of imprisonment to the county of conviction to enable the sentencing court to hear his motion. He sought relief by two means: a writ of error coram nobis and motion to vacate judgment in a criminal case. On appeal, this court found that the ancient writ of error coram nobis is known in Georgia today as an extraordinary motion for new trial based on newly-discovered evidence, but that *Waye* had not shown any newly-discovered evidence. We went on to point out that a motion to vacate judgment is not an appropriate remedy in a criminal case. Then we said: "Having determined that there did not exist sufficient grounds to authorize the grant of an extraordinary motion for new trial and that a motion to vacate is not an appropriate remedy in a criminal case, we look to substance over form and *conclude that the appellant's pleading is a petition for habeas corpus.*" 239 Ga. at 875. (Emphasis supplied.) Having examined in detail the issues raised in Waye's pleadings in an effort to determine how to treat them, we elected as a matter of judicial economy to deal with the merits of his contentions after they had been analyzed. We sought to avoid requiring Waye to begin all over again by habeas corpus. We did not rule, however, that all motions to vacate judgments in all criminal cases are to be treated as petitions for habeas corpus (and thus subject to appeal to this court).

If, as the Court of Appeals found, all motions to vacate judgments in criminal cases are to be treated as petitions for habeas corpus, the venue as to most such motions would be wrong (*Waye v. State,* supra; Code Ann. § 50-127 (3)), and there would have been no application to

490

appeal as is required by Code Ann. § 50-127 (11), as amended by Ga. L. 1975, pp. 1143, 1145.

The defendant in this case is incarcerated in Tattnall County. He has moved the trial court in Cobb County which sentenced him to set its judgment aside and grant him a new trial. The usual time for filing a motion for new trial has passed. Code Ann. § 70-301. The relief possibly available from the trial court in this situation, and perhaps the only relief, would be based on an extraordinary motion for new trial. See Code Ann. §§ 70-301, 70-303.

Therefore, this case is transferred to the Court of Appeals as that court has jurisdiction of an appeal from denial of an extraordinary motion for new trial in noncapital criminal cases. *Collins v. State,* 239 Ga. 400 (236 SE2d 759) (1977). See *Murray v. State,* 135 Ga. App. 667 (218 SE2d 673) (1975).

*Transferred to the Court of Appeals. All the Justices concur.*

DECIDED JANUARY 5, 1978.

Charles Ronnie Martin, *pro se.*

*Thomas J. Charron, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.