## A02A0257. MOSS v. THE STATE.
### (564 SE2d 516)

RUFFIN, Judge.

After being charged with murder, Lawrence C. Moss pled guilty to involuntary manslaughter. Moss, pro se, subsequently filed a motion for writ of error coram nobis, in which he challenged the validity of his plea. The trial court dismissed the motion, and Moss filed this pro se appeal. For reasons that follow, we reverse.

The record shows that Moss entered his plea in 1983, and the Superior Court of DeKalb County sentenced him to serve three years in prison and two years on probation. In 2001, approximately 13 years after his sentence expired, Moss filed the instant motion for writ of error coram nobis in the Superior Court of DeKalb County. Moss argued that his conviction should be vacated because he entered the plea without being informed of his rights and the court did not ensure that there was a factual basis for the plea. The record shows that, at the time he filed the motion, Moss was incarcerated in a federal prison located in Coleman, Florida. The trial court dismissed the motion, concluding that it failed to state grounds upon which a writ of error coram nobis can be granted, that Moss should have filed a petition for a writ of habeas corpus in the county where he is incarcerated, and that because he was no longer under sentence before the court, it lacked jurisdiction to hear such petition. Because we find that the court did not lack jurisdiction, we remand for further proceedings.

We agree with the trial court that Moss' motion for a writ of error coram nobis was the wrong vehicle to challenge the validity of his prior plea. In *Waye v. State*,[1] the Supreme Court of Georgia explained the nature of the writ:

> [a] writ of error coram nobis lies for an error of fact not apparent on the record, not attributable to the accused's negligence, and which, if before the court, would have prevented rendition of the judgment. . . . The writ has become

---

[1] 239 Ga. 871 (238 SE2d 923) (1977).

obsolete, having been superseded by the modern practice of applying to the court by motion for the relief sought. . . . [A] writ of error coram nobis is the ancestor of an extraordinary motion for new trial based on newly-discovered evidence. The prerequisites for issuing a writ of error coram nobis or for granting an extraordinary motion for new trial based on newly discovered evidence appear to be identical. Before a court authorizes either, it is generally required that the moving or petitioning party base the pleading on facts which are not part of the record and which could not by due diligence have been discovered at the time of the trial.[2]

In this case, Moss has not pointed to any newly discovered evidence that would have authorized the court to grant the writ. Rather, Moss' arguments concerning the validity of his plea all "deal with evidence which was known to [Moss], as well as his counsel, at the time that [he] entered his plea of guilty."[3] Thus, Moss could not properly challenge his plea under a writ of error coram nobis.[4]

But that is not the end of our inquiry. In *Waye*, the Court elevated substance over form and concluded that the appellant's pleading, though denominated a motion for writ of error coram nobis, was actually a petition for writ of habeas corpus.[5] In this case, we see no reason to treat Moss' motion differently. Moss asserted essentially the same grounds and pled for the same relief as the appellant in *Waye*.[6] Thus, we conclude that Moss was actually petitioning for habeas corpus relief.

We disagree with the trial court, however, that it lacked jurisdiction to consider such petition.

If a petitioner desires to attack what he considers a void conviction, and he is restrained by federal authorities in another state, proper jurisdiction to entertain his habeas petition is the one in which he was sentenced. . . . To hold otherwise would deny the petitioner a forum to voice his complaint to an allegedly void state conviction, thereby allowing any adverse collateral consequences to remain with him during the time of his federal confinement, and after his release.[7]

---

[2] (Punctuation omitted.) Id. at 872-873 (1).
[3] Id. at 874 (1).
[4] See id.
[5] See id. at 875.
[6] See id. at 872.
[7] (Citations omitted.) *Craig v. State*, 234 Ga. 398, 399 (216 SE2d 296) (1975).

Accordingly, the trial court erred in dismissing Moss' motion on the grounds that it lacked jurisdiction and that the motion failed to state a basis upon which relief could be granted.[8] "[T]he judgment is reversed and remanded with direction that a hearing be held and that petitioner's [motion] be considered on its merits."[9]

*Judgment reversed and remanded. Pope, P. J., and Barnes, J., concur.*

DECIDED APRIL 17, 2002.

Lawrence C. Moss, *pro se.*
J. Tom Morgan, District Attorney, Jeanne M. Canavan, Assistant District Attorney, for appellee.