## A04A1515. HARRIS v. THE STATE.
(603 SE2d 490)

MILLER, Judge.
Eddie James Harris appeals from a denial of his petition for a writ of error coram nobis challenging his 2001 guilty plea to driving under the influence of alcohol. Harris, proceeding pro se, argues that the trial court erred in denying the petition. We hold that Harris's challenge to his guilty plea was untimely, and therefore the trial court lacked jurisdiction and properly found that the petition should be dismissed. We therefore affirm.

On March 26, 2001, with the assistance of counsel, Harris pled guilty to two felony DUI charges and an additional misdemeanor charge in Warren County Superior Court. He was sentenced to nearly six years probation on the felony counts. On August 8, 2003, Harris filed a document entitled "Petition for A Writ of Error Coram Nobis" in the superior court, which denied the petition on three grounds. First, the petition was treated as the equivalent of an extraordinary motion for a new trial. After considering the petition as an extraordinary motion for a new trial, the court rejected the petition, concluding that because Harris's conviction was the result of a guilty plea and not a trial, he could not make such a motion. Next, the petition was treated as a motion to withdraw a guilty plea, but since the petition was filed after the expiration of the term of court in which Harris was

---

[8] *Ferguson,* supra.

convicted, the court concluded that it lacked jurisdiction to consider it. Finally, the court examined the petition as if it were one for a writ of habeas corpus, and found that it did not contain facts sufficient to warrant relief.

On appeal Harris asserts that the superior court was incorrect to consider his petition as anything but one for a writ of error coram nobis. In addition to this point of procedure, he argues that because the superior court did not hold a separate hearing to determine whether his plea was voluntary, and because "he received a longer sentence in federal court than he would have otherwise received" as a result, he is entitled to the unusual form of relief he requests.

1. Though Harris cites Florida and Alabama case law in support of his proposal to use a writ of error coram nobis for the purpose of obtaining a hearing on his guilty plea, he has not considered the status of this writ here in Georgia, where it was declared obsolete many years ago. In *Waye v. State*, 239 Ga. 871, 873 (1) (238 SE2d 923) (1977), a superior court judge responded to a defendant's motion to withdraw a guilty plea by issuing a document entitled "Order for the Production of Defendant at Coram Nobis Hearing." After describing a writ of error coram nobis as "merely the ancient grandfather of an extraordinary motion for new trial based on newly discovered evidence," the Supreme Court of Georgia recommended that members of the Georgia Bar "finally grant this lingering ghost a peaceful rest." Id. As the Supreme Court explained, the use of outdated writs like coram nobis "merely serves to muddle trial practice and confuse those judges and justices charged with the task of appellate review." Id. at 873-874 (1). Even if we pause to admire the procedural fossil Harris has unearthed, then, we cannot condone his attempt to restore it to Georgia practice.

2. However, regardless of the name given to Harris's petition, and as the superior court itself noted, it had no jurisdiction to hear the petition. "The superior court's jurisdiction to entertain a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction was rendered." (Citations and punctuation omitted.) *Foskey v. State*, 232 Ga. App. 303 (501 SE2d 856) (1998). Accordingly, the superior court could not rule on Harris's motion because his petition was filed more than two years after the expiration of the term of court in which his judgment of conviction was entered. Id. at 304; see also *Wech v. State*, 255 Ga. App. 193 (564 SE2d 814) (2002); *State v. Johnson*, 222 Ga. App. 156 (473 SE2d 593) (1996). The petition was properly dismissed.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 11, 2004.

Eddie J. Harris, *pro se.*
Dennis C. Sanders, *District Attorney, William P. Doupé, Assistant District Attorney,* for appellee.