## S12A0136. HUGHES v. THE STATE.
### (727 SE2d 459)

MELTON, Justice.

Jermaine Hughes is currently serving a 13-year federal sentence at the United States Penitentiary in Atlanta. His sentence is being enhanced by a State drug-related felony conviction and various misdemeanor convictions that had been previously imposed on Hughes

---

in Cobb County. In May 2008, Hughes filed in the Superior Court of Cobb County a petition for habeas corpus relief challenging his Cobb County convictions. On August 9, 2010, the Superior Court concluded that venue for Hughes' habeas proceeding was not proper in Cobb County, and that Fulton County was the proper venue, because Hughes was incarcerated in a federal prison located in Fulton County. This Court granted Hughes' petition for a certificate of probable cause to challenge this ruling, and, for the reasons that follow, we reverse.

OCGA § 9-14-43 controls the issue of venue in habeas corpus proceedings. The statute was amended in 2004, and the amendment added the following sentence:

> If the petitioner is not in custody or *is being detained under the authority of the United States*, any of the several states other than Georgia, or any foreign state, *the petition must be filed in the superior court of the county in which the conviction and sentence which is being challenged was imposed.*

(Emphasis supplied.) Id. As the current version of the statute makes clear, and as the State concedes, because Hughes is a federal prisoner who is attempting to challenge his prior Cobb County convictions, venue for his habeas action was proper in Cobb County and not Fulton County. The trial court therefore erred by concluding that Fulton County was the proper venue for Hughes' habeas action. Id. The cases that were decided before the 2004 amendment to OCGA § 9-14-43 that reach results that are contrary to the current version of the statute will no longer be followed, as they have been superseded by the statute. See, e.g., *Capote v. Ray*, 276 Ga. 1 (2) (577 SE2d 755) (2002); *Scott v. Wright*, 276 Ga. 12 (2) (573 SE2d 49) (2002).

*Judgment reversed. Hunstein, C. J., Carley, P. J., Benham, Thompson and Hines, JJ., and Judge Shawn Ellen LaGrua concur. Nahmias, J., not participating.*

DECIDED MAY 7, 2012.

*King & Spalding, William E. Hoffmann, Jr., Drew D. Dropkin, Sarah L. Gerwig-Moore, J. Scott Key*, for appellant.

*Patrick H. Head, District Attorney, John R. Edwards, Anna G. Cross, Amelia G. Pray, Assistant District Attorneys*, for appellee.