**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 7, 2012**

# In the Court of Appeals of Georgia

A12A0064. SEABROOK v. THE STATE.

MILLER, Judge.

Stanley Seabrook, proceeding pro se, appeals from the dismissal of his petition for a writ of error coram nobis challenging his 1994 guilty plea to the charges of aggravated assault (OCGA § 16-5-21 (a) (2)), armed robbery (OCGA § 16-8-41 (a)), and possession of a firearm by a convicted felon (OCGA § 16-11-131 (b)). On appeal, Seabrook contends that the trial court abused its discretion by dismissing his petition without holding a hearing, and that the writ of error coram nobis was the only remedy available to challenge his guilty plea and assert his claims of actual innocence and ineffective assistance of counsel. Discerning no error, we affirm.

The record shows that in September 1994, Seabrook, with the assistance of counsel, entered a negotiated *Alford*[1] plea to three counts of aggravated assault, one count of armed robbery, and one count of possession of a firearm by a convicted felon. The trial court sentenced Seabrook to serve an aggregate of three years in prison and four years on probation.

On July 21, 2010, Seabrook filed the instant petition for writ of error coram nobis. In that petition, Seabrook argued that his 1994 convictions should have been vacated because he received ineffective assistance of counsel during the plea process; he was innocent of the charges; and he did not enter his plea intelligently, knowingly, and voluntarily. At the time Seabrook filed his petition, he was serving a federal sentence that was enhanced by his 1994 convictions. The trial court dismissed Seabrook's petition, concluding that the writ offered no relief since his claims were not based on newly discovered evidence. The trial court also found that it lacked jurisdiction to consider his petition as a motion to withdraw guilty plea, and that the petition could not be considered as a writ of habeas corpus since the period for filing a habeas corpus petition had expired.

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

On appeal, Seabrook contends that the trial court erred in dismissing his petition without holding a hearing to determine whether his 1994 guilty plea was voluntary. He also contends that his petition was the appropriate vehicle to assert his claims of actual innocence and ineffective assistance of counsel. We disagree.

A petition for writ of error coram nobis is an obsolete writ, and its use discouraged. See *Harris v. State*, 269 Ga. App. 92, 93 (1) (603 SE2d 490) (2004). However, as it is the ancestor of an extraordinary motion for new trial based on newly discovered evidence, the prerequisites for issuing

> a writ of error coram nobis or for granting an extraordinary motion for new trial based on newly discovered evidence appear to be identical. Before a court authorizes either, it is generally required that the moving or petitioning party base the pleading on facts which are not part of the record and which could not by due diligence have been discovered at the time of the trial.

(Punctuation and footnote omitted.) *Moss v. State*, 255 Ga. App. 107, 108 (564 SE2d 516) (2002).

Here, Seabrook failed to point to any newly discovered evidence that would have authorized the trial court to grant the writ. Rather, his claims regarding the validity of his plea, his attorney's alleged ineffectiveness in the plea process, and his actual innocence "all deal with evidence which was known to [Seabrook] . . . at the

3

time he entered his plea of guilty. Thus, [Seabrook] could not properly challenge his plea under a writ of error coram norbis." (Punctuation and footnotes omitted.) Id.

Even if we were to consider Seabrook's petition as a motion to withdraw his guilty plea, he was still not entitled to relief.

> The superior court's jurisdiction to entertain a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction was rendered. And it is well establish that after the expiration of the term and of the time for filing an appeal from the conviction, the *only* remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings.

(Punctuation and footnotes omitted; emphasis in original.) *LaFette v. State*, 285 Ga. App. 516, 516 (1) (646 SE2d 725) (2007). Since Seabrook filed his petition more than 15 years after the expiration of the term of court in which his judgment of conviction was entered, the trial court had no jurisdiction to rule on his petition as a motion to withdraw a guilty plea. See, e.g., *Harris*, supra, 269 Ga. App. at 93 (2). Moreover, even construing his petition as a writ for habeas corpus, Seabrook's petition was likewise untimely. Seabrook had until July 1, 2008, to file a habeas corpus petition, but he did not file the present petition until July 2010. OCGA § 9-14-42 (c) (1) ("[A]ny person whose conviction has become final as of July 1, 2004, regardless of the date of conviction, shall have until . . . July 1, 2008, in the case of a felony to

4

bring an action" for habeas corpus relief.). Since Seabrook had no remedy to challenge his guilty plea, the trial court properly dismissed his petition.

*Judgment affirmed. Mikell, P. J., and Blackwell, J., concur.*