**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 7, 2014**

# In the Court of Appeals of Georgia

A14A0657. THE STATE v. CARRION.

MILLER, Judge.

In April 1989, Pedro Acevedo Carrion pled guilty to carrying a pistol without a license (OCGA § 16-11-126) and carrying a concealed weapon (former OCGA § 16-11-128). Twenty-four years later, Carrion filed a motion in state court seeking to withdraw his plea on the basis that it was neither knowing nor voluntary. The trial court granted Carrion's motion, and the State appealed. Although we find that there was no showing of a knowing and voluntary plea which would normally require a dismissal of the charges, we reverse because we find that the trial court here, twenty-four years later, was without authority to grant Carrion's motion.

In October 2013, after immigration officials detained Carrion, who is a legal permanent resident of the United States, he filed a "Motion for Extraordinary Relief

Writ of Coram Nobis" in Clayton County State Court, asking the court to vacate his guilty plea. Carrion argued that his guilty plea was neither knowing nor voluntary because he did not speak or understand English and therefore could not understand the charges against him or appreciate the consequences of his plea. Following a hearing, the trial court granted Carrion's motion, vacated his conviction, and dismissed the underlying charges, finding that the record did not show that Carrion made a knowing and voluntary waiver of his rights.[1]

A petition for writ of error coram nobis is an obsolete writ, and its use is discouraged. See *Harris v. State*, 269 Ga. App. 92, 93 (1) (603 SE2d 490) (2004).

> However, as it is the ancestor of an extraordinary motion for new trial based on newly discovered evidence, the prerequisites for issuing a writ of error coram nobis or for granting an extraordinary motion for new trial based on newly discovered evidence appear to be identical. Before a court authorizes either, it is generally required that the moving or petitioning party base the pleading on facts which are not part of the record and which could not by due diligence have been discovered at the time of the trial.

(Citation omitted.) *Seabrook v. State*, 315 Ga. App. 801, 802 (728 SE2d 322) (2012).

---

[1] There is no transcript of the 1989 proceedings, however, the plea statement Carrion signed indicated that he was provided with an interpreter.

Here, Carrion failed to point to any newly discovered evidence that would have authorized the trial court to grant the writ. Carrion's limited understanding of English was evidence that was known to Carrion at the time he entered his plea. *Seabrook*, supra, 315 Ga. App. at 802. Moreover, OCGA § 17-7-93 (c), which requires trial courts to advise defendants of the possible immigration consequences of their guilty pleas was not enacted until 2000 – some 11 years after Carrion entered his guilty plea – and only applies to pleas entered on or after July 1, 2000. Ga. L. 2000, p. 809, § 2.

> OCGA § 17-7-93 (c) is the only source of a requirement that a defendant be advised of the possible effect of a plea on immigration status. A resident alien's guilty plea is not rendered involuntary by the fact that [he] was unaware that [he] might be deported because the effect of the plea on [his] immigration status is deemed a collateral consequence of the plea. A guilty plea will not be set aside because the defendant is not advised of possible collateral consequences of [his] guilty plea.

(Citations and punctuation omitted.) *McLeod v. State*, 251 Ga. App. 371, 372 (1) (2001). Therefore, Carrion could not challenge the plea under a writ of error coram nobis. We also note that this situation could not take place under the law today.

Even if we were to consider Carrion's motion as one to withdraw his guilty plea, he is still not entitled to relief. The trial court's authority to grant a motion to withdraw a guilty plea ends with the term of court in which the judgment of

3

conviction is entered. *State v. Kight*, 175 Ga. App. 65, 66 (1) (332 SE2d 363) (1985); see also *Harris*, supra, 269 Ga. App. at 93 (1). Since Carrion filed his motion more than 20 years after the expiration of the term of court in which the judgment of conviction on the plea was entered, the trial court had no authority at this time to grant the motion. *Seabrook*, supra, 315 Ga. App. at 803.

Finally, it is well settled that "after the expiration of the term of court in which a guilty plea is entered and [after] the time for filing an appeal from the conviction, the only remedy available to a defendant for withdrawing his guilty plea is through habeas corpus proceedings." (Citation omitted.) *Wech v. State*, 255 Ga. App. 193 (564 SE2d 814) (2002). Since the trial court here was not a superior court, however, it lacked jurisdiction to treat defendant's motion as a habeas corpus proceeding. *State v. Johnson,* 222 Ga. App. 156 (473 SE2d 593) (1996). See also OCGA § 9-14-43. Accordingly, the trial court erred in granting Carrion's motion.

*Judgment reversed. Doyle, P. J., and Dillard, J., concur.*