**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 13, 2017**

# In the Court of Appeals of Georgia

A16A0357. CLEMMONS v. THE STATE.

McMILLIAN, Judge.

In November 1991, Sean Clemmons entered a guilty plea to one count of possession of cocaine with intent to distribute and was sentenced to ten years, with two years to serve in confinement. Almost 24 years later, in August 2015, Clemmons filed in the trial court a "Motion Under Writ of Error of Coram Nobis to Vacate, or Expunge a Sentence by a Person in Federal Custody"[1] ("Coram Nobis Motion"). The trial court denied this motion on August 18, 2015. Clemmons thereafter filed a "Motion Pursuant to Habeas Corpus Under Equitable Tolling" ("Habeas Motion"),

---

[1] It appears from the record that Clemmons is currently serving a sentence in federal prison for an unrelated conviction.

which the trial court also denied. Clemmons, proceeding pro se, now appeals both orders. Finding no error, we affirm.

1. As a threshold matter, we note that Clemmons' appellate brief is deficient because the statement of facts does not contain "a citation of the parts of the record or transcript essential to a consideration of the errors." Court of Appeals Rule 25 (a) (1). This problem is compounded by the fact that Clemmons also fails to include any citations to the record in support of his enumeration of errors. See Court of Appeals Rule 25 (c) (2) (i) ("[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript"). Clemmons' pro se status does not excuse him from compliance with the substantive and procedural requirements of the law, including the rules of this Court. See *Brown v. Mowr Enterprises, LLC*, 322 Ga. App. 93, 93 (742 SE2d 173) (2013). While we will nonetheless review Clemmons' claims of error to the extent we are able to ascertain them, he will not be granted relief should we err in construing his nonconforming appellate brief. See *Orange v. State of Ga.*, 319 Ga. App. 516, 517 (1) (736 SE2d 477) (2013).

2. Clemmons first asserts that the trial court erred in denying his Coram Nobis Motion. A writ of error coram nobis is obsolete, and its use has been discouraged by our Supreme Court for some time:

2

a writ of error coram nobis is the ancestor of an extraordinary motion for new trial based on newly-discovered evidence. The prerequisites for issuing a writ of error coram nobis or for granting an extraordinary motion for new trial based on newly discovered evidence appear to be identical. Before a court authorizes either, it is generally required that the moving or petitioning party base the pleading on facts which are not part of the record and which could not by due diligence have been discovered at the time of the trial.

*Waye v. State*, 239 Ga. 871, 873 (1) (238 SE2d 923) (1977) ("we would like to recommend to the Bar to finally grant this lingering ghost a peaceful rest"). Clemmons argues that he is entitled to a writ of error coram nobis because he received ineffective assistance of counsel when his trial attorney (1) failed to use peremptory strikes on two jurors although he had instructed his counsel to do so; (2) failed to investigate or inquire why the State lowered its plea offer following the first day of trial; (3) advised him to take a plea bargain because he could not win the case, essentially "abandoning him"; and (4) somehow conspired with the State to get a felony conviction on his record. This argument is without merit.

We first note that Clemmons fails to point to any newly discovered evidence that would have authorized the trial court to grant the writ. Rather, his arguments concerning the validity of his plea all concern evidence that was known to Clemmons,

3

as well as his counsel, at the time that he entered his plea of guilty. See *Moss v. State*, 255 Ga. App. 107, 108 (564 SE2d 516) (2002). Moreover, an extraordinary motion for new trial is not available to one who pled guilty. See *Jones v. State*, 322 Ga. App. 269, 271 (1) (745 SE2d 1) (2013).

Even if we were to consider Clemmons' Coram Nobis Motion as a motion to withdraw his guilty plea, he would not be entitled to relief. The trial court's jurisdiction to entertain a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction was rendered. See *Seabrook v. State*, 315 Ga. App. 801, 802 (728 SE2d 322) (2012). Here, the record indicates that Clemmons did not move for any form of relief until nearly 24 years following his conviction, long after the expiration of the term of court. Accordingly, the trial court did not err in denying this motion. See *State v. Carrion*, 327 Ga. App. 296, 298 (758 SE2d 632) (2014) (where defendant moved for writ of coram nobis more than 20 years after expiration of term of court in which judgment of conviction on plea was entered, trial court had no authority to grant motion).

3. Clemmons also asserts that the trial court erred in denying his Habeas Motion. It is true that "[t]he proper remedy for making a claim of ineffective assistance of counsel in connection with a guilty plea is to move to withdraw the plea

4

or, if the term of court in which the plea was entered has expired, to petition for a writ of habeas corpus." (Citation and punctuation omitted.) *Valldeparas v. State*, 319 Ga. App. 491, 492 (1) (735 SE2d 816) (2012). Because Clemmons appeared to seek review, inter alia, of the trial court's order denying habeas relief, this Court initially transferred the case to our Supreme Court, which has exclusive appellate jurisdiction over all cases involving habeas corpus. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (4). However, the Supreme Court transferred the appeal back to this Court, determining that "Appellant filed in his criminal case pleadings seeking a writ of error coram nobis, and to withdraw his 1991 guilty plea to drug charges and vacate his conviction" and that "it is clear that appellant is not seeking habeas relief." We are bound by the Supreme Court's determination that Clemmons is not seeking habeas relief, but rather to withdraw his guilty plea, and therefore, as explained in Division 2, this enumeration of error provides no basis for reversal.[2]

[2] We note, however, that because Clemmons is currently being detained in West Virginia, venue for his habeas filing was proper in the Superior Court of Floyd County. See OCGA § 9-14-43 ("If the petitioner is not in custody or is being detained under the authority of the United States, any of the several states other than Georgia, or any foreign state, the petition must be filed in the superior court of the county in which the conviction and sentence which is being challenged was imposed."). See also *Hughes v. State*, 291 Ga. 65 (727 SE2d 459) (2012) (because defendant was a federal prisoner attempting to challenge his prior Cobb County convictions, venue for habeas action was proper in Cobb County, not Fulton County where he was

*Judgment affirmed. Miller, P. J., and McFadden, P. J., concur*.



incarcerated in a federal prison).