**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**_DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._**

**March 9, 2021**

# In the Court of Appeals of Georgia

A20A2104. STEWART et al. v. JOHNSON et al.

PIPKIN, Judge.

This appeal arises from a land dispute. Nick H. H. Stewart, Marie Sousa, Christine Proctor, and James Cross (collectively "Appellants") filed their complaint on October 26, 2018 against Rusty Johnson, Corey Bessent, Chris Germano, Derwin Brooker, and Gail Brooker (collectively "Appellees").[1] Appellants' complaint sought both damages and injunctive relief, alleging that Appellees interfered with their right to use both private and public roads that run through Appellees' property and to have electric service established at their home. Appellants now present seven enumerations

---

[1]Rusty Johnson, Corey Bessent, and Chris Germano will be collectively referred to as "the Johnsons" and Derwin Brooker and Gail Brooker will be referred to as "the Brookers." While Appellants have filed a single principle brief in this Court, the Johnsons and the Brookers have filed separate principle briefs.

of error, challenging each of the seven orders issued by the trial court: (1) order denying Appellants' motion for an interlocutory injunction; (2) order denying Appellants' motion for default against the Johnsons; (3) order denying Appellants' motion for summary judgment; (4) order granting the Johnsons' partial motion to dismiss; (5) order dismissing claims of James Cross, Nick Stewart and all claims of punitive damages against the Brookers; (6) order granting the Brookers' motion for leave of court to allow first amended answer and counterclaims; and (7) amended order granting the Brookers' motion for leave of court.[2]

As a preliminary matter, we note that Appellants' brief has failed to comply with this Court's rules in several respects. In particular, our rules require that Part One of Appellants' brief "contain a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal; a citation of the parts

---

[2] The denial of an interlocutory injunction is directly appealable under OCGA § 5-6-34 (a) (4). See *Jones v. Peach Trader Inc.*, 302 Ga. 504, 511 (III) (807 SE2d 840) (2017). The remaining orders appealed by Appellants are reviewable under OCGA § 5-6-34 (d), which provides that "[w]here an appeal is undertaken under any provision of subsection (a) . . . of this Code section, all judgments rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling or order standing alone[.]"

of the record or transcript essential to a consideration of the errors; and a statement of the method by which each enumeration of error was preserved for consideration." See Court of Appeals Rule 25 (a) (1). Part One of Appellants' brief does not contain a single citation to the record, nor does it identify how each enumerated error was preserved for consideration. Subsection (c) (2) (i) of Rule 25 requires that each enumerated error "be supported by specific reference to the record or transcript. In the absence of a specific reference, the Court will not search for and may not consider that enumeration." Subsection (a) (3) of this rule demands that Part Three of Appellants' brief include argument and supporting authority for each issue presented in the brief. Instead, Part Three of Appellants' brief contains some of what should have been included in Part One– allegations of fact and citations to the record. Appellants offer only a cursory argument in support of each enumeration of error and limited citations of authority.

"Because this Court is a court for the correction of errors, we will not consider matters, even of constitutional magnitude, that were not raised and ruled upon in the trial court." (Citation and punctuation omitted.) *In the Interest of T. F. N.*, 341 Ga. App. 247, 255 (2) (799 SE2d 591) (2017). Further, it is not the responsibility of this Court to search the record on behalf of a party to find evidence supporting their

3

arguments, and "[i]n the absence of a specific reference [to the record or transcript] we may not consider that enumeration." Court of Appeals Rule 25 (c) (2) (i). Appellants' "pro se status does not excuse [them] from compliance with the substantive and procedural requirements of the law, including the rules of this Court." *Clemmons v. State*, 340 Ga. App. 57, 58 (1) (796 SE2d 297) (2017). These rules are "designed to facilitate the consideration of enumerated errors and compliance with such rules is not optional." (Citation and punctuation omitted.) *Wright v. AFLAC, Inc.*, 283 Ga. App. 890, 891 (1) (643 SE2d 233) (2007).

Appellants filed briefs in response to those filed by the Johnsons and the Brookers; the reply briefs present new arguments and citation of authority. However, "[a]ny enumeration of error which is not supported *in the [principle] brief* by citation of authority or argument may be deemed abandoned... and we do not consider arguments that are raised for the first rime in a reply brief." (Citation and punctuation omitted.) *Vann v. Finley*, 313 Ga. App. 153, 154, n.2 (721 SE2d 156) (2011). While, we will exercise our discretion and endeavor to rule on the merits of this appeal where possible, if we miss something in the record or misconstrue an argument due to the non-conforming brief, the responsibility rests with Appellants. See *Clemmons*,

4

340 Ga. App. at 58 (1); *Biggins v. State*, 322 Ga. App. 286, 288 (1) (744 SE2d 811) (2013).

Appellants Marie Sousa and Christine Proctor are daughter and mother, and jointly own land located in Land Lot 28, Second Land District of Brantley County, Georgia, containing 5.366 acres ("Sousa Property"). Appellant Nick H. H. Stewart is married to Sousa and is Proctor's son-in-law. Appellant James Cross acquired property from the Johnsons and conveyed a portion to Sousa and Proctor. Appellees Derwin Brooker and Gail Brooker are husband and wife and own property adjoining the Sousa Property (the "Brooker Property"). Rusty Johnson, Corey Bessent, and Chris Germano own property adjoining the Sousa Property and the Brooker Property. Appellants allege that Appellees have interfered with their ability to have electric power established at their house located on the Sousa Property. Appellants also alleged below that Appellees interfered with their enjoyment of Brantley County Public Roads 110 and 112[3] and a 30 foot private road.

1. We consider Appellants' challenge to the trial court's denial of their request for an interlocutory injunction.

---

[3]We use the designation Brantley County Public Road 110 and Brantley County Public Road 112 solely for the purpose of identification and make no determination as to whether these are in fact public roads.

Appellants filed a motion for interlocutory injunction seeking to have the Johnsons enjoined from preventing Appellants' electric provider from installing power lines along Brantley County Public Road 112 ( "Road 112") to connect to Appellants' house and to enjoin the Johnsons from interfering with Appellants' land survey along Road 112.[4] Following an evidentiary hearing, the trial court denied the injunction, concluding that Appellants had failed to satisfy any of the four factors that the movant must demonstrate to be entitled to an interlocutory injunction; of note, the trial court concluded that Appellants had failed to establish that Road 112 was, in fact, a county-owned road which would have authorized public use.

"The grant or denial of an interlocutory injunction will not be reversed on appeal unless the trial court made an error of law that contributed to the decision, there was no evidence on an element essential to relief, or the court manifestly abused its discretion." *City of Waycross v. Pierce County Bd. of Comms.*, 300 Ga. 109, 111 (1) (793 SE2d 389) (2016). An interlocutory injunction is an extraordinary remedy designed "to maintain the status quo of the parties pending final adjudication of the

---

[4]Appellants' written motion for interlocutory injunction only names the Johnsons in their prayer for relief and Stewart testified that Appellants were seeking an interlocutory injunction against Johnson Appellees only. Proctor similarly testified that Appellants are not using the private road on the Brooker Property and that the Brookers did not interfere with her access to the road.

6

case and should not be granted except in clear and urgent cases where there is a vital necessity to prevent a party from being damaged and left without a remedy." *Gerguis v. Statesboro HMA Med. Group, LLC*, 331 Ga. App. 867, 868 (772 SE2d 227) (2015). In order to obtain an interlocutory injunction, a movant must show that

> (1) there is a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (2) the threatened injury to the moving party outweighs the threatened harm that the injunction may do to the party being enjoined; (3) there is a substantial likelihood that the moving party will prevail on the merits of her claims at trial; and (4) granting the interlocutory injunction will not disserve the public interest.

*SRB Investment Svcs. LLLP v. Branch Banking & Trust Co.*, 289 Ga 1, 5 (3) (709 SE2d 267) (2011). There was a full evidentiary hearing on Appellants' motion for interlocutory injunction, but much of the evidence presented by Appellants was not germane to the interlocutory injunction.[5] The record shows that, based on the previously filed deeds and surveys, Appellants unilaterally decided that the current

---

[5]Stewart testified at the motion hearing that Derwin Brooker attempted to "blackmail" and "extort" him to transfer title to a portion of his wife's property; that the Brookers' adult son blocked Road 112 with a tree and demanded $80 to remove the tree from the road. Stewart also alleged that Brookers granted permission for him to use the private road but later rescinded it.

boundaries for the Sousa Property and adjoining properties are incorrect and/or that the roadways at issue are not accurately identified on the most recently recorded land surveys. While Appellants alleged that the Johnsons "made threats against" Appellants and their electric supplier we can locate no evidence in the record to support this allegation, and Appellants point to none. Moreover, Sousa acknowledged, at the conclusion of the hearing, that Appellants did not prove that Road 112 was a public roadway. In denying injunctive relief, the trial court found that Appellants did not identify "any source of injury" as they have ingress and egress to their property by an alternative roadway. The trial court further ruled that Appellants failed to establish that they "have a right to cross the property of [Appellees]. As stated previously, there has been no evidence establishing the existence or location of the purported County Road 112. The rights of [Appellees] to enjoy their private property serves the public interest, particularly since [Appellants] have not and cannot show that necessity to such exists." Appellants' brief merely restates legal conclusions and the language contained in OCGA § 9-5-1,[6] offering no explanation

_____

[6]OCGA § 9-5-1 provides "[e]quity, by a writ of injunction, may restrain proceedings in another or the same court, a threatened or existing tort, or any other act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law."

8

as to how they have a legally protected right to access the roadways at issue or how they will suffer irreparable harm. Appellants point to no facts in the record or cite any authority, and we find none to suggest that the trial court abused its discretion in denying the interlocutory injunction.

2. Appellants contend that the trial court erred in denying their motion for default judgment against the Johnsons. "On appeal, we review a trial court's order denying a motion for default judgment for an abuse of discretion." *H. N. Real Estate Group v. Dixon*, 298 Ga. App. 124, 124 (679 SE2d 130) (2009).

Appellants filed their complaint in law and equity on October 26, 2018. The record reveals that the sheriff attempted service on the Johnsons' attorney on October 30, 2018 and a non est return of service was filed on March 25, 2019. The Johnsons later filed their answer and counterclaims on March 12, 2019. Generally, a defendant has 30 days from service of the summons and complaint to file an answer. OCGA § 9-11-12 (a). When a defendant fails to answer within the time provided by law, the case shall automatically go into default. OCGA § 9-11-55 (a). But the time to file an answer does not begin to run until service has been perfected upon the defendant. See *Nally v. Bartow County Grand Jurors*, 280 Ga. 790, 792 (6) (633 SE2d 337) (2006). Service of process is controlled by OCGA §

9-11-4, and, in this case, Appellants present no applicable exception to the requirement that a defendant be personally served. See OCGA § 9-11-4 (e) (7). Delivery of the complaint to the Johnsons' counsel, as was done here, was not valid service under this statute. See *Newell v. Brown*, 187 Ga. App. 9, 10 (369 SE2d 499) (1988) (default judgment reversed where attorney signed acknowledgment and waiver of service without litigant's consent). Here the Johnsons' attorney did not attempt to acknowledge service and the trial court was under no obligation to enter a default judgment where the record reflected that the Johnsons were not personally served.[7] Appellant Sousa acknowledged that the Johnsons were never personally served, and even attempted to orally dismiss the motion for default judgment before the trial court. Accordingly, this argument is entirely without merit.

3. Appellants contend the trial court erred by denying their motion for summary judgment as to the Brookers.

Appellants moved for summary judgment to have the plat recorded in Plat Book 12, page 61, and the deed recording in Deed Book 131, pages 235 and 236 in

---

[7] On the Sheriff's Entry of Service for each of the Appellees, next to the non est paragraph is a handwritten note; "Spoke with attorney McQuigg[,] [Appellee] has to be served personally."

the Clerk's Office of the Superior Court of Brantley County declared valid and binding. The trial court denied this motion. Appellants misapprehend the purpose of summary judgment, which is to provide an efficient method of resolving cases where the pleadings and evidence show that there is no issue of material fact for trial. *Maxey-Bosshardt Lumber Co. v. Maxwell*, 127 Ga. App. 429, 434 (3) (193 SE2d 885) (1972). "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citation omitted.) *Ikomoni v. Exec. Asset Mgmt.*, LLC, 309 Ga. App. 81, 81 (709 SE2d 282) (2011). Appellants' brief on appeal and motion below fail to explain how these exhibits warrant judgment as a matter of law on any of Appellants' claims. Although the plat referenced in Appellants' motion was ultimately admitted into evidence at the interlocutory injunction hearing, it is not determinative as to whether Appellants are entitled to summary judgment. Having failed to meet their burden, we find that the trial court committed no error.

4. Appellants contend that the trial court erred in granting Appellees' partial motion to dismiss.[8]

We apply a de novo standard of review to a trial court's grant of a motion to dismiss. *Weathers v. Dieniahmar Music, LLC*, 337 Ga. App. 816, 817 (1) (788 SE2d 852) (2016).

> A motion to dismiss for failure to state a claim should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citation omitted.) *Sparra v. Deutsche Bank Nat. Trust Co.*, 336 Ga. App. 418, 419 (1) (785 SE2d 78) (2016).

a. Appellees moved to dismiss the claims of Appellant Stewart because he did not have an interest in the Sousa Property. Appellants argue, as they did below, that Stewart has an equitable interest in the Sousa Property as the spouse of Sousa, a legal

---

[8] The Johnsons and the Brookers filed separate but substantially similar motions to dismiss. Because Appellees' arguments coincide, we will address them together.

owner. Stewart acknowledged that he does not have title to the Sousa property and has failed to offer any authority in support of the proposition that he has an equitable interest in his wife's property. Indeed, Appellants' argument runs counter to "the principle that no property rights are created in the assets of the marriage while the parties are still married." (Citation omitted.) *Reidling v. City of Gainesville*, 280 Ga. App, 698, 705 (3) (634 SE2d 862) (2006) (affirming trial court's ruling that plaintiff had no standing to file nuisance action as he was not an owner of his wife's and father-in-law's property). Accordingly, the trial court properly dismissed Stewart's claims.

b. Appellants also enumerate as error the trial court's dismissal of all of Cross's claims and argue that Cross voluntarily dismissed his action. To the extent that Appellants argue that the trial court was without authority to enter an order of dismissal, this argument will be addressed in Division 5 (b) of this opinion.

c. Appellants also argue the trial court erred by dismissing their claims for punitive damages.

Appellees argued in the trial court that the punitive damages claims should be dismissed because Appellants failed to make specific allegations of conduct that would show malice, willful misconduct, fraud, or want of care. It is admittedly

13

difficult to ascertain the claims in Appellants' complaint, which appear to be grounded in trespass. "However, we are required to hold pro se pleadings to less stringent standards than formal pleadings drafted by lawyers." (Citation and punctuation omitted.) *Babaloa v. HSBC Bank, USA, N.A.*, 324 Ga. App 750, 750, n.2 (751 SE2d 545) (2013). Regardless of Appellants' pro se status, "it is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim." (Citation omitted.) Id. at 752 (2).

> Rather the Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirements of the Act. Thus, a motion to dismiss for failure to state a claim should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. Put another way, if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

(Citations and punctuation omitted.) Id. To the extent that Appellants attempt to pursue a claim of trespass to land based on allegations that Appellees "have interfered and continue to interfere with [Appellants'] rights, privileges, uses and enjoyment"

14

of their property, trespass is an intentional act which may authorize a claim for punitive damages. *Tyler v. Lincoln*, 272 Ga. 118, 120 (1) (527 SE2d 180) (2000).

Whether Appellants can prove conduct to support an award of punitive damages is a question for the finder of fact. See *Coen v. Aptean, Inc.*, 307 Ga. 826, 830 (2)(b) (838 SE2d 860) (2020). To the extent that Appellants' complaint failed to properly plead a claim for punitive damages with sufficient particularity, the appropriate remedy is an order requiring a more definite statement, not a dismissal on the pleadings. See *Campbell v. Ailion*, 338 Ga. App. 382, 388 (4) (790 SE2d 68) (2016). "On remand . . . the trial court may order [Appellants] to plead a more definite statement of [their punitive damages] claim, provided the order identifies the ways in which [their current] complaint fails to conform to the pleading requirements of the Civil Practice Act." (Citation and punctuation omitted.) Id. at 389.

5. In their sixth and seventh enumerations of error, Appellants assert that the trial court was not authorized to allow the Brookers to file an amended answer and counterclaims. The Brookers filed a timely answer and counterclaim against Stewart only. Approximately five months later, on May 2, 2019, the Brookers filed a motion seeking leave of court to amend their answer and file omitted counterclaims against

15

all Appellants. The trial court granted the motion for leave to amend the answer and to assert counterclaims.[9]

a. We first address the amendment to allow counterclaims against Stewart, Sousa and Proctor. Other than to restate the language of OCGA § 9-11-13 (a), Appellants offer no specific argument as to why the trial court erred in allowing the amendment as to these Appellants. While this code section does require that compulsory counterclaims be stated at the time of serving the pleading, paragraph (f) of the code section authorizes a pleader to seek leave of court to set up a counterclaim by amendment in the case of oversight, inadvertence, or excusable neglect or when justice requires.

"The determination of whether justice requires the grant of leave to set up an omitted counterclaim is a matter which addresses itself to the sound discretion of the trial court." (Citation and punctuation omitted.) *Boyd v. JohnGalt Holdings, LLC*, 294 Ga. 640, 642 (1) (755 SE2d 675) (2014). Courts should be very liberal in granting leave to add compulsory counterclaims where no prejudice would result to the plaintiff. Id. The trial court found that allowing the Brookers to assert omitted

_____

[9] The order contained no findings but was subsequently amended on July 2, 2019 to include findings of fact and conclusions of law.

16

counterclaims would serve the interest of justice, and Appellants have offered no explanation as to how they were prejudiced, if at all. Accordingly, we cannot say that the trial court erred by allowing the Brookers to amend their answer and counterclaim against Stewart, Sousa and Proctor.

b. The counterclaims against Cross, however, stand on a different footing. Well before the filing of any counterclaims, Cross filed a document stating, in relevant part, "James Cross, a plaintiff on [sic] this civil action, wishes to refrain from being a part of this civil action No. 18V-283." Appellants contend, and we agree, that this amounted to a voluntary dismissal of Cross's claims. Pursuant to OCGA § 9-11-41 (a), a party may dismiss any action without permission of the court by filing a written notice of dismissal. Although the document filed by Cross has no title and, in fact, does not even include the word dismissal, "[t]he written notice need not be called a 'notice of dismissal' to be one, as long as it is sufficiently definite as to inform the court of the plaintiff's intention to voluntarily dismiss the party's action." (Citation and punctuation omitted.) *Young v. Rider*, 208 Ga. App. 147, 148 (430 SE2d 117) (1993). The Brookers were well aware of Cross's efforts to dismiss his claims

as they referenced his notice in their partial motion to dismiss filed April 10, 2019.[10]

As Appellants correctly point out, a voluntary dismissal divests the trial court of jurisdiction to authorize a subsequently filed counterclaim against a plaintiff. *Smith v. Mem. Med. Center.*, 208 Ga. App. 26, 28-29 (1) (430 SE2d 57) (1993).

> Merely filing a counterclaim is insufficient to prevent the dismissal of the plaintiff's complaint and the counterclaim. Instead, a defendant must object to the plaintiff's voluntary dismissal, thereby providing notice to the plaintiff that he intends to pursue his counterclaim. A defendant's failure to object to the plaintiff's dismissal will result in the dismissal of both the plaintiff's complaint and the defendant's counterclaim.

(Citations omitted.) *Reed v. Reed*, 295 Ga. 574, 575-576 (1) (761 SE2d 326) (2014). There is no indication in the record that the Brookers objected to Cross's voluntary dismissal; to the contrary, they petitioned the trial court to dismiss his claims based

---

[10]Appellees noted below that the trial court case number is 18V-238 but Cross references "civil action No. 18V-283." Given that the caption includes the correct case number, court, and parties it seems obvious that the drafter transposed the numbers 8 and 3. The Brookers simultaneously argued below in their motion to dismiss that the claims should be dismissed based on this pleading and that the court should "grant Cross's request", yet they are "uncertain" which Brantley County civil action Cross "wishes to refrain from being a part of" based on the differing case numbers. There can be no serious cause for confusion, and this argument is without merit.

18

on the pleading. Accordingly, the trial court had no authority to permit the Brookers to file a counterclaim against Cross.

For the reasons set forth above, we affirm in part, we reverse the orders dismissing Appellants' punitive damages claim and the order permitting counterclaims against Cross, and we remand for proceedings consistent with this opinion.

*Judgment affirmed in part, reversed in part and case remanded with direction.*

*Barnes, P. J., and Gobeil, J., concur.*