## A10A0608. GREEN v. THE STATE.
(692 SE2d 784)

MIKELL, Judge.

Charlton Paul Green was convicted in Cherokee County Superior Court in a bench trial on May 7, 2009, of failure to register as a sexual offender. The underlying conviction requiring Green to register as a sexual offender was a 1999 conviction for sodomy. On appeal, Green challenges the sufficiency of the evidence, arguing that the state failed to prove that he is required to register as a sexual offender because under *Powell v. State*[1] and *Lawrence v. Texas*,[2] consensual sodomy is no longer a crime. Green also argues that his trial counsel was ineffective for not asserting this defense at trial. We affirm.

The record here shows that in 1997, Green was charged with sodomy in violation of OCGA § 16-6-2,[3] after he performed oral sex on another male, who was 16 years old at the time of the incident. Green pled guilty in Pickens County Superior Court and was sentenced as a first offender, but after violating the terms of his

---

[1] 270 Ga. 327 (510 SE2d 18) (1998).

[2] 539 U. S. 558 (123 SC 2472, 156 LE2d 508) (2003).

[3] OCGA § 16-6-2 (a) (1) provides that "[a] person commits the offense of sodomy when he or she performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another."

probation, he was ultimately convicted and sentenced on the sodomy count and related offenses in January 1999, which subjected him to the sexual offender registration statutes.

In January 2005, Green was charged with failure to register as a sexual offender in Cherokee County, after he failed to register as required by OCGA § 42-1-12. Green pled guilty and was sentenced to serve one year, to run concurrent with the sentence imposed in another Cherokee County case, where he was sentenced on January 25, 2005, to two years in confinement after pleading guilty to possession of methamphetamine. On December 9, 2008, Green was indicted again for failing to register as a sexual offender and was charged as a recidivist. Green was convicted in a bench trial, then filed a motion for new trial, in which he asserted the arguments he now raises on appeal. It is from his conviction and the denial of his motion for new trial that Green appeals.

1. In his first enumeration of error, Green challenges the sufficiency of the evidence, and we find no error.

> The sex offender registration law first became effective on July 1, 1996 and, in pertinent part, requires registration by any individual who "(h)as previously been convicted of a criminal offense against a minor(, as defined in OCGA § 42-1-12 (a) (9),) and may be released from prison or placed on parole, supervised release, or probation on or after July 1, 1996." OCGA § 42-1-12 (e) (3).[4]

As a result of his sodomy conviction in 1999, Green was required to register as a sexual offender pursuant to OCGA § 42-1-12 (a) (9) (A) (iii) and (e) (1). OCGA § 42-1-12 (e) (1) provides that "[r]egistration pursuant to this Code section shall be required by any individual who: (1) [i]s convicted on or after July 1, 1996, of a criminal offense against a victim who is a minor." Subsection (a) (9) (A) defines "criminal offense against a victim who is a minor" as follows: "any criminal offense under Title 16 or any offense under federal law or the laws of another state or territory of the United States which consists of . . . (iii) [c]riminal sexual conduct toward a minor." OCGA § 42-1-12 (a) (14) defines a minor, in pertinent part, as "any individual under the age of 18 years." Green's argument on appeal is not directed at any provision of the registration statute. Rather, he maintains that because of substantive changes in the law, which legalized consensual sodomy in Georgia, he is not required to register.

---

[4] *Frazier v. State*, 284 Ga. 638 (668 SE2d 646) (2008).

In 1998, after Green was sentenced as a first offender but before he was ultimately convicted on the sodomy charge, our Supreme Court held in *Powell v. State*[5] that insofar as OCGA § 16-6-2 "criminalizes the performance of private, unforced, non-commercial acts of sexual intimacy between persons legally able to consent, [it] manifestly infringes upon a constitutional provision[,] which guarantees to the citizens of Georgia the right of privacy."[6] Five years later in *Lawrence v. Texas*,[7] the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution shields consensual, noncommercial, private sexual conduct between adults from government interference.[8] Based on these decisions, Green urges this court to vacate his sodomy conviction, which would, in turn, require the reversal of his conviction for failure to register.

In support of his argument that this court can grant him the relief he seeks, Green relies on *Thomas v. Warren*.[9] In that case, our Supreme Court affirmed the denial of habeas corpus relief sought by the defendant, who argued that he was not required to register as a sexual offender.[10] There, the defendant sought relief from custody before his trial on the failure to register offense, contending that he was not required to register as a sexual offender because he pled guilty to aggravated assault, an offense that did not require registration, and that he was not told that he was required to register. The Court concluded that the claim was not a viable basis for pre-trial habeas corpus relief because "[t]he contention that Thomas's plea to aggravated assault and his consequent sentencing did not trigger the registration requirements of OCGA § 42-1-12 (f) (5) [was] a defense to the pending criminal charge."[11] Thus, Green argues that the challenge to the validity of his sodomy conviction was a cognizable defense in the instant case. However, the facts in the instant case are distinguishable because the issue is not, as it was in *Thomas*, whether Green was ever required to register as a sexual offender, but whether his sentence is now void because of substantive changes in the law.

"[A] new rule of substantive criminal law must be applied retroactively to cases on collateral review and . . . an appellate

---

[5] Supra.

[6] (Citation and punctuation omitted.) Id. at 336 (3). Accord *Chase v. State*, 285 Ga. 693, 696 (2) (681 SE2d 116) (2009) (not a crime to have physical sexual contact with a willing participant who is 16 years old or older); *Brewer v. State*, 271 Ga. 605, 607 (523 SE2d 18) (1999) (consensual sodomy is no longer a crime in Georgia).

[7] Supra.

[8] Id. at 564-578 (II).

[9] 284 Ga. 788 (671 SE2d 837) (2009).

[10] Id. at 789.

[11] Id.

decision holding that a criminal statute no longer reaches certain conduct is a ruling of substantive law."[12] Thus the ruling in *Powell*[13] should be applied retroactively on collateral review, but we cannot apply it in the instant case as it is not here on collateral review. This appeal is from a conviction for failure to register as a sexual offender, which is a proceeding separate from the defendant's original offense.[14] The sexual offender statute "is a separate and distinct offense for which one can be prosecuted."[15] At the time of Green's sodomy conviction, the conduct in which he engaged was against the law in Georgia. In *Bowers v. Hardwick*,[16] the prevailing law at the time, the United States Supreme Court sustained the constitutionality of OCGA § 16-6-2.[17] Although *Bowers* was explicitly overruled by *Lawrence*[18] in 2003 and our Supreme Court held in 1998 in *Powell*[19] that OCGA § 16-6-2 was unconstitutional to the extent that it made illegal consensual, private, noncommercial sodomy between individuals legally able to consent, these cases were decided after Green's 1997 conviction.

In 2008, when Green was charged with failure to register, he was required to register as a sexual offender because he had been convicted of criminal sexual conduct toward a minor, proof of which was introduced at trial, which conviction has not been vacated.[20] Green testified that he pled guilty to failure to register in 2005; that he knew he was required to register; and that he did not register in 2008 because he forgot to do so. Based on this evidence, the state satisfied its burden of proof; consequently, Green's challenge to the sufficiency of the evidence fails.

2. Next, Green argues that his trial counsel was ineffective because he failed to challenge the use of the sodomy conviction as the underlying conviction. We find no reversible error.

> In *Strickland* [*v. Washington*],[21] the Court established a standard by which to measure a claim of ineffective assistance of counsel under the Sixth Amendment. The benchmark for judging any claim of ineffectiveness must be

---

[12] (Citation omitted.) *Luke v. Battle*, 275 Ga. 370, 373 (2) (565 SE2d 816) (2002). Accord *Mauk v. Lanier*, 484 F3d 1352, 1356-1357 (II) (A) (11th Cir. 2007).

[13] Supra.

[14] See *Smith v. Doe*, 538 U. S. 84, 101-102 (II) (B) (123 SC 1140, 155 LE2d 164) (2003).

[15] (Footnote omitted.) *Hollie v. State*, 298 Ga. App. 1, 5 (3) (679 SE2d 47) (2009).

[16] 478 U. S. 186 (106 SC 2841, 92 LE2d 140) (1986).

[17] Id. at 195-196.

[18] Supra at 578 (II).

[19] Supra at 336 (3).

[20] OCGA § 42-1-12 (e) (1).

[21] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland*, supra 466 U. S. at 686 [(II) (b)]. There are two components to the inquiry: First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. Id. 466 U. S. at 687 [(III)]. The *Strickland* Court set forth the appropriate test for determining prejudice: The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.[22]

In the instant case, trial counsel was not called to testify at the hearing on the motion for new trial. Green's appellate counsel reasoned that trial counsel was not an essential witness at the hearing because his testimony would have no bearing on the trial court's ability to grant the relief sought.

Pretermitting whether trial counsel's performance was deficient, Green has not shown that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. At the hearing on the motion for new trial, the alleged victim in the sodomy case testified that his sexual encounter with Green occurred in a hotel room; that it was consensual; that two girls were also in the room; that they were just "partying . . . getting into stuff [they] shouldn't have"; and that he was adjudicated delinquent in juvenile court on the charges of underage consumption of alcohol and sodomy. Green's counsel strenuously asserted that the sodomy conviction should be overturned, but the trial court disagreed. The trial court acknowledged that *Powell* and *Lawrence* had changed the law but concluded that those changes did not apply to this factual situation because the conduct was not "private," given the presence of other people in the

---

[22] (Punctuation omitted.) *Miller v. State*, 285 Ga. 285, 285-286 (676 SE2d 173) (2009).

room. Additionally, the trial judge noted that Green still had a conviction on his record that required him to register and that no constitutional challenge to that conviction had been made. The trial court also relied on the fact that Green waived his defenses when he pled guilty. Therefore, even if trial counsel had raised the defense that the sodomy conviction was invalid, there is a reasonable probability that the trial court would have reached the same outcome. Accordingly, Green's claim that trial counsel was ineffective fails.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MARCH 26, 2010 — 

*Stephen R. Scarborough*, for appellant.

*Garry T. Moss, District Attorney, J. Clifford Head, Wallace W. Rogers, Jr., Assistant District Attorneys*, for appellee.