## A10A1673. THE STATE v. GREEN.
### (706 SE2d 720)

PHIPPS, Presiding Judge.

The state appeals from the trial court's order vacating Charlton Green's ten-year-old sodomy conviction. Because Green was not entitled to such relief, we reverse.

When a question of law is at issue, as here, we review the trial court's ruling de novo and reverse if the court committed legal error.[1]

In 1997, Green pled guilty to sodomy and other offenses and was sentenced as a first offender, which sentence included probation. In January 1999, after violating the terms of his probation, Green was convicted of and sentenced for sodomy and other offenses. Green was then subject to the sexual offender registration statute.[2]

In September 1999, Green filed a "Motion to Terminate Sentence or Modify Sentence In the Alternative," arguing that because the sodomy statute[3] had been held unconstitutional in *Powell v. State*,[4] the sentence for that offense should be terminated or modified to remove all conditions of probation. The trial court found *Powell* inapplicable and denied the motion.

In 2008, Green was charged with and convicted of failure to register as a sexual offender.[5] He appealed from that conviction, challenging the sufficiency of the evidence to support the conviction for failure to register; he argued that because substantive changes in the law had legalized the sexual conduct that formed the basis for his sodomy conviction, he was not required to register as a sexual offender.[6] We affirmed the conviction, holding that a conviction for failure to register as a sexual offender is separate from the original offense (sodomy), that at the time of the sodomy conviction, the conduct in which Green engaged was against the law, and that the evidence was sufficient to support the conviction for failure to

---

[1] See *O'Neal v. State*, 285 Ga. 361, 362 (677 SE2d 90) (2009).

[2] See OCGA § 42-1-12.

[3] OCGA § 16-6-2 (a).

[4] 270 Ga. 327 (510 SE2d 18) (1998) (insofar as OCGA § 16-6-2 criminalizes the performance of private, unforced, noncommercial acts of sexual intimacy between persons legally able to consent, the statute infringes upon constitutional guarantees to the right of privacy).

[5] See *Green v. State*, 303 Ga. App. 210, 211 (692 SE2d 784) (2010).

[6] Id. at 211-212 (1).

register as a sexual offender.[7]

In September 2009, Green filed in the trial court a "Motion to Pronounce a Valid Judgment." Therein, he sought an order vacating the underlying sodomy conviction, arguing that "it was entered in violation of his rights to due process of law and to privacy." Green argued that the conduct underlying the sodomy conviction was protected pursuant to *Lawrence v. Texas*[8] and *Powell*[9] and that the sodomy conviction was the only offense that subjected him to the sexual registration requirement. The state opposed and moved to dismiss the motion contending, inter alia, that a motion to vacate a judgment was not an appropriate remedy in a criminal case.

The trial court granted Green's motion and denied the state's motion to dismiss, holding that the court was authorized to vacate the conviction because the sentence was void. According to the trial court, in punishing Green for conduct that was no longer criminal, the court had imposed a punishment that the law does not allow.

1. Regardless of the nomenclature, Green's motion sought to vacate his criminal conviction.[10] However, because a motion to vacate a judgment of conviction is not an established procedure for challenging the validity of a judgment in a criminal case,[11] Green was not authorized to seek relief from his criminal conviction pursuant to such a motion.[12] His motion should have been dismissed.[13]

Contrary to Green's argument, the court was not authorized by *Chester v. State*[14] to grant the motion. The division of *Chester* that was not overruled by *Harper v. State*[15] allows a trial court to correct a void *sentence* at any time.[16] Green moved the trial court to vacate the *conviction* (which the trial court did), not to correct the sentence. A claim challenging a conviction and a claim challenging the result-

---

[7] Id. at 213 (1).

[8] 539 U. S. 558, 562-564, 578 (123 SC 2472, 156 LE2d 508) (2003) (Texas statute making it a crime for two consulting adults of the same sex to engage in certain intimate sexual conduct in private residence violated the adults' right to liberty under the due process clause).

[9] Supra.

[10] See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).

[11] *Roberts*, supra; *Williams v. State*, 283 Ga. 94-95 (656 SE2d 144) (2008); *Brundidge v. State*, 302 Ga. App. 510, 511 (2) (691 SE2d 339) (2010).

[12] *Harper v. State*, 286 Ga. 216 (686 SE2d 786) (2009); *Roberts*, supra.

[13] See *Roberts*, supra; *Brundidge*, supra.

[14] 284 Ga. 162 (664 SE2d 220) (2008), overruled in part by *Harper*, supra, and *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010).

[15] Supra.

[16] *Chester*, supra at 162 (1); see *Harper*, supra at 217-218 (1) (overruling Division 2 of *Chester*, which had authorized a defendant to move to have a judgment of conviction declared void pursuant to OCGA § 17-9-4), and n. 1 (noting that Division 1 of *Chester* was correctly decided, and that the only remedy for asserting the right to challenge a judgment of conviction as void under OCGA § 17-9-4 is one of the three listed statutory procedures).

ing sentence as void are not the same.[17] Green's reliance on *Chester* is misplaced. The trial court erred in granting the motion.[18]

2. In light of our holding in Division 1,[19] we need not address the state's assertion that the conduct underlying Green's sodomy conviction was not constitutionally protected.

*Judgment reversed. Miller, P. J., and McFadden, J., concur.*

DECIDED FEBRUARY 22, 2011.

*Joe W. Hendricks, Jr., District Attorney*, for appellant.
*Stephen R. Scarborough*, for appellee.

---

[17] *Williams*, supra, 287 Ga. at 193; see *Regent v. State*, 306 Ga. App. 616 (703 SE2d 81) (2010).

[18] See *Harper*, supra at 218 (1), (2).

[19] Supra.