[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10098
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-04544-AT

CHARLTON PAUL GREEN,

Petitioner-Appellee,

versus

STATE OF GEORGIA,
COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,

Respondents-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 30, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

On December 28, 2011, Charlton Green petitioned the District Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 setting aside his 2009 conviction in the Cherokee County Superior Court for failing to register as a sexual offender.[1]  His petition presented three claims for relief: (1) his attorney provided ineffective assistance by failing to object at trial to the introduction into evidence of his January 1999 conviction in the Pickens County Superior Court of the crime of sodomy because, under *Lawrence v. Texas*, 539 U.S. 558, 123 S. Ct. 2472, 156 L. Ed.2d 508 (2003), sodomy was no longer a crime; (2) the use of the sodomy conviction to obtain the instant conviction denied him substantive due process; and (3) the use of that conviction to obtain the instant conviction denied him procedural due process.  The District Court issued the writ on claim (1), but failed to rule on claims (2) and (3).  The State appeals, arguing in part that the court erred in failing to rule on those two claims.

We have previously directed district courts to resolve all claims for relief raised in a § 2254 petition for a writ of habeas corpus, "regardless of whether habeas relief is granted or denied."  *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*).  When a district court fails to do so, we vacate the judgment and remand for consideration of all of the petitioner's claims.  *Id.* The District Court's

---

[1]  Green's conviction was affirmed in *Green v. State*, 692 S.E. 2d 784 (Ga. App. 2010).

2

judgment is accordingly vacated and the case is remanded with the instruction that the court rule on claims (2) and (3).

SO ORDERED.