[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14635

_____

D.C. Docket No. 1:11-cv-04544-AT


CHARLTON PAUL GREEN,

Petitioner–Appellee,

versus

STATE OF GEORGIA,
COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,

Respondents–Appellants.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 9, 2018)

Before TJOFLAT, MARCUS and ROGERS,[*] Circuit Judges.

---

[*] Honorable John M. Rogers, United States Circuit Judge for the Sixth Circuit, sitting by designation.

TJOFLAT, Circuit Judge:

In 2009, petitioner Charlton Green was convicted in the Superior Court of Cherokee County, Georgia, of failing to register as a sex offender as required by Georgia law. Green moved the Court for a new trial, claiming that his trial attorney had rendered ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), by failing to argue that the conviction giving rise to the obligation to register, a 1999 sodomy conviction, had been nullified by the United States Supreme Court's intervening decision in *Lawrence v. Texas*, 539 U.S. 558, 123 S. Ct. 2472 (2003). The Superior Court denied the motion for a new trial, and Green appealed. The Georgia Court of Appeals concluded that his attorney's failure to present the argument to the Superior Court caused Green no prejudice under *Strickland*, and affirmed his conviction.

In the proceedings below, the United States District Court for the Northern District of Georgia disagreed and, pursuant to 28 U.S.C. § 2254, issued a writ of habeas corpus setting aside Green's failure-to-register conviction on the ground that his sodomy conviction was invalid under *Lawrence* and that his attorney's failure to raise that point in the Superior Court resulted in *Strickland* prejudice.

We reverse. Green's claim that *Lawrence* voided his sodomy conviction was unexhausted and the District Court therefore erred by entertaining it. Further,

2

the Court of Appeals, in light of Georgia state law, correctly found that Green

suffered no *Strickland* prejudice.

## I.

On June 1, 1997, Charlton Green allegedly performed a sexual act on a

sixteen-year-old male in a hotel room while two others were present.[1]  Days later a

Pickens County, Georgia, grand jury indicted Green in two counts, I and II, for

committing sodomy, in violation of O.C.G.A. § 16-6-2; in three counts, III through

V, for furnishing alcohol to a person under twenty-one years of age, in violation of

O.C.G.A. § 3-3-23; and in five counts, VI through X, for contributing to the

delinquency of a minor, in violation of O.C.G.A. § 16-12-1.  On arraignment in the

Pickens County Superior Court, Green pleaded not guilty to the charges.

At the time he allegedly committed the offenses charged in the ten-count

indictment, Green was on a three-year term of probation for offenses committed in

Georgia in 1995.  On October 10, 1997, Green pleaded guilty to Counts I and VI

through X of the indictment pursuant to a plea agreement.[2]  The Court accepted his

guilty pleas and sentenced him as a "First Offender"—meaning that adjudication of

---

[1] The age of consent in Georgia, as reflected in the statute creating the crime of statutory rape, is sixteen years.  *See* O.C.G.A. § 16-6-3(a).

[2] The factual basis for the pleas to these counts was provided by Green in writing.  The writing is not part of the record here.

3

guilt was withheld—to a three-year term of probation.[3]  As a condition of probation, the Court "banished" him from the Appalachian Judicial Circuit,[4] transferred the supervision of his probation to the county of his subsequent residence, and warned him that if he violated the conditions of his probation, he "could suddenly be looking at 20 years" of confinement.

Within a year, Green violated those conditions.  On January 6, 1999,[5] the Superior Court revoked his probation, adjudged him guilty on Counts I and VI through X of his indictment, and sentenced him as follows:  Count I, five years' probation with the first ten months to be served in custody; and Counts VI through X, twelve months' probation to be served concurrently with the Count I sentence.[6] Once again, the Court banished Green from the Appalachian Judicial Circuit.  As both a consequence of his Count I sodomy conviction and a condition of his probation, Green had to register as a sex offender under Georgia law, O.C.G.A. § 42-1-12.

---

[3] The Court also revoked the probation imposed for the offenses Green committed in 1995.

[4] The Appalachian Judicial Circuit includes Fannin, Gilmer, and Pickens Counties.

[5] The record presented to the District Court, and thus to this Court, does not contain transcripts of this January 1999 hearing.

[6] The conditions of Green's probation also required Green to serve ninety to 120 days in the West Georgia Boot Camp and to enter into the Hickey House Drug Treatment Program for eighteen to twenty-four months.

In September 1999, Green moved the Pickens County Superior Court to terminate or modify his sentence on Count I in light of *Powell v. State*, in which the Georgia Supreme Court held that O.C.G.A. § 16-6-2 violated Georgia's Constitution "insofar as it criminalize[d] the performance of private, unforced, non-commercial acts of sexual intimacy between persons legally able to consent." 510 S.E.2d 18, 26 (Ga. 1998). The Superior Court, with no explanation, found *Powell* inapplicable and denied the motion. Green did not appeal its decision.

On May 14, 2003, while serving the five-year term of probation imposed by the Pickens County Superior Court on January 6, 1999, Green was charged in Cherokee County with one count of criminal damage to property, in violation of O.C.G.A. § 16-7-23, and three counts of criminal trespass, in violation of O.C.G.A. § 16-7-21. He pleaded guilty to the charges and was placed on probation for a period of five years.[7]

In October 2004, while on probation, Green was indicted in Cherokee County on two counts of attempting to traffic methamphetamine, in violation of the Georgia Controlled Substances Act, O.C.G.A. § 16-13-30. After Green was taken into custody, he was indicted for failure to register as a sex offender, in violation of

---

[7] As a condition of the probation, Green was to be incarcerated in the Cherokee County Jail for six months unless he was accepted by the State's "Probation Diversion Center" for confinement of a period of ninety days and until he made full restitution to the victims of his offenses. Upon acceptance by the Diversion Center, the sentence provision requiring incarceration in the Cherokee County Jail would be suspended.

O.C.G.A. § 42-1-12.  On January 25, 2005, Green appeared before the Cherokee County Superior Court and pleaded guilty to one of the drug-trafficking counts and to the failure-to-register charge.  The Court sentenced him to prison for two years for the drug offense and to a concurrent one-year prison term for the failure-to-register offense.

In December 2008, Green was again indicted in Cherokee County for failure to register as a sex offender.  He was charged this time as a recidivist.  In May 2009, the Superior Court, following a bench trial in which Green was represented by retained counsel, found him guilty as charged and sentenced him to a thirty-year split sentence, with two years to be served in prison and the balance on probation.

Green retained new counsel and moved the Court for a new trial.  He first contended that the State's evidence was insufficient because the 1999 sodomy conviction was invalid under *Lawrence*, 539 U.S. 558, 123 S. Ct. 2472, and *Powell*, 510 S.E.2d 18.  That is, the State could not prove an element of the failure-to-register violation—a valid underlying conviction for a sexual offense.  He then argued that his trial counsel rendered ineffective assistance under *Strickland*, 466 U.S. 668, 104 S. Ct. 2052, by not objecting to the failure-to-register charge because the duty to register was based on a constitutionally invalid sodomy conviction.

6

Trial counsel should have challenged the validity of the conviction because, under

*Lawrence* and *Powell*, it was based on constitutionally protected conduct.[8]

The State resisted the motion on the ground that the Cherokee County

Superior Court lacked jurisdiction to entertain an attack on the validity of Green's

sodomy conviction. It argued that the Pickens County Superior Court was the only

court with jurisdiction to vacate the conviction. If that court set it aside, the State

would dismiss the failure-to-register charge.

The Cherokee County Superior Court agreed with the State that the Pickens

County Superior Court was the proper forum for mounting a collateral challenge to

the validity of Green's sodomy conviction.[9] Since Green had not petitioned that

court for relief, the sodomy conviction was valid for purposes of the failure-to-

register prosecution. But, despite its being the improper forum, the Court granted

Green's attorney's request to present testimony depicting the sexual activity that,

---

[8] The ineffective-assistance claim, though made in the context of a motion for a new trial, essentially alleged that trial counsel was ineffective by failing to mount a collateral attack on Green's sodomy conviction in responding to the failure-to-register charge.

[9] The Court told counsel that he was asking it to make a constitutional ruling as to the validity of Green's sodomy conviction, a ruling it could not make. The Court made clear that the challenge should be made in the Pickens County Superior Court:

> I'd be more convinced [that Green's failure-to-register conviction should be set aside] if you were to pursue the Pickens County issue successfully, quickly, which I think you can do. One way or the other, they'll either decide for you or against you very quickly. And if you prevail there, my inclination would be . . . to give you a shot. But if you don't prevail there, then I think we're just barking up the wrong tree. In any event, that will adjudicate whether or not he has to register from this point forward.

7

according to counsel, formed the basis of the conviction.  The attorney called one witness, the man Green allegedly sodomized.  He testified that two girls, one a friend, were present in the hotel room when the act took place.

At the close of the hearing, the Court reiterated that the Pickens County Superior Court was the appropriate forum for litigating Green's claim that his sodomy conviction was invalid.  The Court accordingly denied Green's motion for a new trial and his claim that his trial attorney's performance was constitutionally deficient under *Strickland*.  As for the testimony of the witness counsel had presented, the Court concluded that the sexual encounter was not private and thus not protected by the *Powell* and *Lawrence* holdings.

 Green appealed his failure-to-register conviction and the denial of his motion for a new trial to the Georgia Court of Appeals.  At the same time, he collaterally attacked his sodomy conviction by filing a "Motion to Pronounce a Valid Judgment" in the Pickens County Superior Court.  The Court, citing *Powell* and *Lawrence*, granted the motion.  The State appealed, and the Court of Appeals reversed on procedural grounds, holding that "because a motion to vacate a judgment of conviction is not an established procedure for challenging the validity of a judgment in a criminal case, Green was not authorized to seek relief from his criminal conviction pursuant to such a motion."  *State v. Green*, 706 S.E.2d 720, 721 (Ga. Ct. App. 2011) (footnote omitted).  A petition for a writ of habeas corpus

8

filed in the Pickens County Superior Court would provide Green with the means for attacking his conviction under *Powell* and *Lawrence*.

In the meantime, while the State's appeal of the Pickens County Superior Court's decision was still pending, the Court of Appeals affirmed Green's failure-to-register conviction and the denial of his motion for a new trial. *Green v. State*, 692 S.E.2d 784 (Ga. Ct. App. 2010). The Court acknowledged that since *Powell* and *Lawrence* announced new rules of substantive criminal law, Green's sodomy conviction was subject to collateral attack in the Pickens County Superior Court, the court in which he had been convicted. *Id.* at 786. However, the Court said that it "cannot apply [*Powell* and *Lawrence*] in the instant case as it is not here on collateral review. This appeal is from a conviction for failure to register as a sexual offender, which is a proceeding separate from the defendant's [sodomy] offense." *Id.* Turning to the trial court's denial of Green's ineffective-assistance claim, which was before the Court for review, the Court pretermitted *Strickland*'s performance inquiry and found that trial counsel's failure to object to the prosecution of the failure-to-register offense on the basis of the *Powell* and *Lawrence* holdings caused Green no prejudice. *Id.* at 786–87. The Court based its finding on two grounds. First, trial counsel's objection would have been overruled on the ground that the Cherokee County Superior Court was an inappropriate forum for challenging the sodomy conviction. Second, and alternatively, because

9

the conduct underlying the sodomy conviction was not private, it was not protected by *Powell* and *Lawrence*. As the trial court had found based on the victim's testimony, those decisions were inapplicable "because the [sexual] conduct was not 'private,' given the presence of other people in the room." *Id.* at 787.

## II.

After the Court of Appeals affirmed his failure-to-register conviction, Green filed the habeas petition now before us. It presented the same ineffective-assistance claim the Court of Appeals had rejected.[10] To obtain the writ, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, required that Green demonstrate that the Court of Appeals' adjudication of his *Strickland* claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[10] Green's petition also challenged his conviction on procedural and substantive due process grounds. He argued, citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979), that due process required the State to prove every element of the failure-to-register offense beyond a reasonable doubt—an impossible task given the invalidity of the underlying sodomy conviction. The District Court rejected both due process claims, and Green does not challenge these rulings on appeal. We therefore limit our review to the District Court's adjudication of Green's ineffective-assistance claim.

28 U.S.C. § 2254(d).  Green did not contend that the Court of Appeals'

adjudication rested on an unreasonable determination of facts.  His burden was

thus to prove that its decision "was contrary to, or involved an unreasonable

application of," the Supreme Court's holdings in *Strickland*.  This burden is

"difficult to meet," as § 2254(d) "demands that state-court decisions be given the

benefit of the doubt."  *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388,

1398 (2011) (internal quotation marks omitted).

## A.

The District Court referred Green's petition to a Magistrate Judge for a

report and recommendation.  At this point, the petition effectively morphed into

two discrete § 2254 petitions.  The first collaterally attacked Green's 1999 sodomy

conviction as invalid under *Lawrence*.  The second attacked his failure-to-register

conviction on the ground that trial counsel was ineffective in not objecting to the

failure-to-register prosecution on the basis of the allegedly invalid sodomy

conviction.

The Magistrate Judge, in his Report and Recommendation, concluded that

Green's petitions should be denied.  He recommended the first petition be rejected

on three grounds.  First, Rule 2(e) of the Rules Governing Section 2254 Cases in

the United States District Courts requires petitioners to file separate petitions when

seeking relief from the judgments of more than one state court.  Because Green

11

was challenging his failure-to-register conviction, obtained in Cherokee County, he could not use the same petition to challenge his sodomy conviction, obtained in Pickens County.[11]  Second, § 2254 requires the petitioner to be in custody for the challenged offense, which Green no longer was for his sodomy conviction.  Third, even assuming that Green was in custody since he was being detained pursuant to his failure-to-register conviction, he had not exhausted his claim that the sodomy conviction was invalid under *Lawrence*.[12]

Turning to Green's second petition, the Magistrate Judge concluded that Green had not shown that the Court of Appeals' adjudication of his ineffective-assistance claim was contrary to, or involved unreasonable application of, *Strickland*.  As the Court of Appeals had held, Green failed to satisfy *Strickland*'s prejudice prong.  Under Georgia law, the Cherokee County Superior Court lacked authority to entertain a collateral attack on his Pickens County sodomy conviction

---

[11] This holding indicates that the Magistrate Judge only *treated* Green's single habeas petition as two discrete ones; Green did not file two separate petitions.

[12] That is, Green's "Motion to Pronounce a Valid Judgment" in the Pickens County Superior Court and his motion to invalidate the sodomy conviction in his failure-to-register prosecution did not constitute exhaustion.  Although the State "d[id] not contest exhaustion as to any grounds *in the petition*," (emphasis added), a freestanding attack on Green's sodomy conviction in light of *Lawrence* was not part of his petition as filed.  Green's petition, rather, challenged only his failure-to-register conviction on ineffective-assistance grounds.

12

and thus was required to treat the conviction as constitutionally valid.  Green effectively conceded as much.[13]

Green objected to the Report and Recommendation.  Regarding the Magistrate Judge's disposition of his collateral attack on his sodomy conviction, Green contended that the Magistrate Judge erred in concluding that § 2254 relief was unavailable because he was no longer "in custody" pursuant to that conviction.  The Magistrate Judge, he insisted, misinterpreted his habeas petition.  He argued that his petition did not seek relief from his sodomy conviction.  Rather, he was challenging his failure-to-register conviction on the ground that it was based on an invalid sodomy conviction.  Had his trial attorney timely alerted the Cherokee County Superior Court to the invalidity of the conviction, the Court, bound by *Powell* and *Lawrence*, would have declared it a nullity and dismissed the failure-to-register charge.[14]

## B.

The District Court sustained Green's objection to the Report and Recommendation and issued a writ of habeas corpus setting aside his failure-to-register conviction.  It disagreed with the Magistrate Judge's reading of Green's

---

[13] Nowhere in his habeas petition or in his argument before the Magistrate Judge did Green contend that the Court of Appeals misapplied Georgia law by holding that it lacked authority to hear his *Lawrence* challenge.

[14] Notwithstanding such declaration, the sodomy conviction would have remained in the records of the Pickens County Superior Court as a valid, legally undisturbed conviction.

petition as consisting of two independent § 2254 petitions, one collaterally attacking Green's sodomy conviction and the other his failure-to-register conviction.  The Court concluded that Green's single petition challenged only the latter conviction—on the sole ground that his trial attorney was ineffective for failing to object to the sodomy conviction's use "to prove an element of the crime of failure to register as a sex offender."

From there, the District Court did not expressly address the Georgia Court of Appeals' holding that Georgia law prevented it from entertaining a collateral attack on Green's sodomy conviction in the context of the appeal of his failure-to-register conviction.[15]  Nor did the Court expressly consider whether Green had exhausted his claim that his sodomy conviction was invalid.[16]  Rather, invoking *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 121 S. Ct. 1567 (2001), the Court concluded that it could entertain Green's unexhausted challenge to his sodomy conviction in considering whether the Court of Appeals' rejection of his *Strickland* claim constituted a decision that was contrary to, or involved an unreasonable

---

[15] As discussed in part III.B., *infra*, the District Court did, however, implicitly hold that the Georgia Court of Appeals misapplied Georgia law.  This implicit holding formed part of the basis for the District Court's ultimate holding that the Court of Appeals should have concluded that Green suffered *Strickland* prejudice.

[16] The District Court mentioned in a footnote that the State did not contest exhaustion. But as discussed in note 12, *supra*, the State's waiver of exhaustion pertained only to the claim in Green's petition, an ineffective-assistance challenge to his failure-to-register conviction.  The Court improperly treated the State's waiver as if it also applied to a freestanding challenge to Green's sodomy conviction.  Further, the Court tacitly recognized that Green's challenge to his sodomy conviction was unexhausted.  Had it been exhausted, the District Court, like the Magistrate Judge, would have considered the challenge as a second petition.

14

application of, *Strickland*.  The Court acknowledged that, generally, *Lackawanna*

barred the Court from doing so.  *See id.* at 403–04, 121 S. Ct. at 1574.  But it held

that the general bar did not apply here due to a narrow exception in *Lackawanna*

which allows § 2254 petitioners to "challenge an enhanced sentence on the basis

that the prior conviction used to enhance the sentence was obtained where there

was a failure to appoint counsel in violation of . . . *Gideon v. Wainwright*."

*Lackawanna*, 532 U.S. at 404, 121 S. Ct. at 1574.  The District Court reasoned that

the alleged constitutional defect in Green's failure-to-register conviction—that it

was premised on a prior sodomy conviction potentially invalid under *Lawrence*—

was akin to the failure to appoint counsel for an indigent; both defects, it held,

"ris[e] to the level of a jurisdictional defect."  *Cf. id.*  In sum, it was free under

*Lackawanna*'s exception for *Gideon* violations to entertain the collateral attack on

Green's sodomy conviction.

Having concluded that it could rule on the validity of the sodomy conviction,

the District Court proceeded to determine the facts underpinning the conviction.  In

doing so, it effectively created the Pickens County Superior Court record of

Green's sodomy conviction.  It relied on the facts set forth in Green's 1997

indictment and those disclosed by the testimony the victim presented at the hearing

on the motion for a new trial Green filed following his failure-to-register

conviction, assuming that those were all of the facts presented to the Pickens

15

County Superior Court when he pleaded guilty back in 1997.  On these facts, the District Court held that Green's sexual conduct was consensual and private, and thus protected under *Lawrence*.  Green should not have been required to register as a sex offender and therefore could not be held guilty of the instant offense.  Thus, the Court concluded, had Green's counsel objected to the sodomy conviction's use to prove that offense, the trial court would have—or at least should have—reached the same conclusion.  The District Court accordingly held that counsel was ineffective and that the Georgia Court of Appeals' decision to the contrary was based on "an unreasonable determination of the facts in light of the evidence presented" at the hearing on Green's motion for a new trial.[17]  *See* 28 U.S.C. § 2254(d)(2).

## III.

The State appealed the District Court's decision, arguing that the Court lacked authority to entertain Green's challenge to the validity of his sodomy conviction, and that it mistakenly concluded that the Georgia Court of Appeals' *Strickland* decision was unreasonable.  We agree.

---

[17] This is what the District Court's decision was in effect, though the Court ostensibly held that the Court of Appeals' decision was rather "contrary to, or involved an unreasonable application of," *Strickland*.  *Compare* 28 U.S.C. § 2254(d)(1), *with id.* § 2254(d)(2).  Green never argued that the Court of Appeals' decision was based on an unreasonable determination of the facts, only that it was contrary to, or involved an unreasonable application of, *Strickland*.

16

A.

To start, Green had not exhausted his claim that his sodomy conviction was invalid under *Lawrence*.[18]  The Court of Appeals held, in *State v. Green*, 706 S.E.2d at 721, that the "Motion to Pronounce a Valid Judgment" Green filed in the Pickens County Superior Court was legally ineffective to challenge the conviction, and, in *Green v. State*, 692 S.E.2d at 786, that it lacked jurisdiction to consider the validity of the sodomy conviction in reviewing Green's failure-to-register conviction in the Cherokee County Superior Court.  For purposes of habeas review, we must accept these pronouncements of Georgia law.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475, 479–80 (1991).  Any challenge to Green's sodomy conviction was therefore unexhausted.  The District Court consequently erred by addressing the validity of the sodomy conviction, albeit in the context of deciding whether the Court of Appeals' *Strickland* decision was based on an unreasonable determination of the facts.

Green contends, though obliquely, that the District Court nonetheless had the authority under *Lackawanna* to entertain his *Lawrence* challenge to his sodomy conviction.  *Lackawanna* generally bars habeas petitioners from using their challenge of a current conviction to also attack the validity of an earlier conviction

---

[18] *See supra* notes 12, 16.

17

for which they are no longer in custody.[19]  This bar is lifted only in cases where the earlier conviction was obtained in violation of *Gideon*.[20]  Here, there was no alleged *Gideon* violation.  And *Lackawanna*'s exception for *Gideon* violations does not, as the District Court believed, apply to Green's *Lawrence* claim.[21]

---

[19] *Lackawanna* specifically concerned the situation where the existence of an earlier conviction enhanced the sentence attached to a subsequent conviction.

[20] Part of the rationale for recognizing only a narrow *Gideon* exception is an interest in the finality of state-court convictions.  A federal court can recognize a *Gideon* violation from the face of a record.  But other constitutional violations—like the one alleged here, a conviction based on conduct possibly made legal by *Lawrence*—require inquiry into a case's facts and circumstances.  Such an inquiry might result in a federal court second guessing a state court's application of its own law to the facts.  In this process, moreover, evidence might be lost and facts changed or misconstrued.  Here, for instance, the most pertinent piece of evidence—the colloquy of Green's 1997 guilty plea in Pickens County—was not part of the District Court's record.  The District Court based its decision only on Green's conduct as charged in the indictment and described in the testimony adduced at the hearing on Green's motion for a new trial in 2009.  Query whether these bases provide competent support for deciding that Green's conduct was private and thus protected under *Lawrence*, and for effectively overturning his sodomy conviction.

This finality problem would be mitigated if a state's law were to allow a collateral attack on an earlier conviction during the direct appeal of a later conviction.  A federal court could review the disposition of such an attack under the rubric of a § 2254 petition.  In that scenario, *Lackawanna*'s general bar would not apply.  But this is not Georgia's law.  So, contrary to state law and in a proceeding with a purpose other than the review of Green's sodomy conviction, the District Court divested the state court's judgment of its typical force and effect—on incomplete evidence, no less.  *See Custis v. United States*, 511 U.S. 485, 497, 114 S. Ct. 1732, 1739 (1994); *see also Daniels v. United States*, 532 U.S. 374, 380, 121 S. Ct. 1578, 1582 (2001) ("State[s] . . . have a real and continuing interest in the integrity of [their] judgments.").

[21] The District Court erred by equating Green's sodomy conviction to a conviction obtained in violation of *Gideon*.  "[T]he failure to appoint counsel for an indigent," the Supreme Court has noted, is "a *unique* constitutional defect . . . warrant[ing] special treatment among alleged constitutional violations."  *Lackawanna*, 532 U.S. at 404, 121 S. Ct. at 1574 (emphasis added) (internal quotation marks omitted); *see Custis*, 511 U.S. at 496, 114 S. Ct. at 1738.  The classification of *Gideon*'s holding as "unique" implies that other alleged constitutional defects do not fall under its exception.  Buttressing this is the Supreme Court's reluctance to recognize any additional exceptions to *Lackawanna*'s bar.  *See, e.g.*, *Lackawanna*, 532 U.S. at 404–06, 121 S. Ct. at 1574–75 (recognizing the *Gideon* exception but not a second, broader exception for instances when habeas review of a later conviction is the first and only forum available to review

B.

In addition to entertaining an unexhausted claim, the District Court improperly found that the Court of Appeals' *Strickland* decision was based on an unreasonable determination of the facts.[22] The Court granted Green's petition and set aside his failure-to-register conviction after concluding that the Court of Appeals should have found prejudice under *Strickland*.  *See* 28 U.S.C. § 2254(d). The Court of Appeals, however, properly determined that *Lawrence* applies retroactively *only* to cases on collateral review.  Under Georgia law, Green's sodomy conviction was *not* before it on collateral review.  Rather, Green was directly appealing his failure-to-register conviction, a separate offense.  Therefore, neither the Court of Appeals nor the trial court could have entertained a challenge to Green's sodomy conviction in light of *Lawrence*; no evidence of the conviction's invalidity could come in.  For Green to make that challenge, he would have had to properly file a separate habeas petition in Pickens County, which he

---

a prior conviction); *Custis*, 511 U.S. at 496, 114 S. Ct. at 1738 ("Custis invites us to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in *Gideon*.  We decline to do so.").

  Moreover, Georgia's sodomy statute has not been invalidated in all of its applications. *See Powell*, 510 S.E.2d at 26 (holding Georgia's sodomy law unconstitutional only "insofar as it criminalizes the performance of private, unforced, non-commercial acts of sexual intimacy between persons legally able to consent").  This case therefore does not require us to determine whether the *Gideon* exception might be extended to convictions under statutes that have been held facially unconstitutional.

  [22] *See supra* note 17.

did not do.  Green thus could not possibly have suffered *Strickland* prejudice—objecting to the sodomy conviction's use as the basis for the failure-to-register prosecution would have been futile.

To reach the holding it did, the District Court implicitly held that the Court of Appeals erred by not treating Green's direct appeal also as a collateral attack on his sodomy conviction.  That would have been the only way for the Court of Appeals to allow in evidence of the invalidity of Green's sodomy conviction under *Lawrence*, and for it to find prejudicial Green's trial counsel's failure to challenge the sodomy conviction under *Lawrence*.  But under Georgia law, Green's failure-to-register appeal could not also have served as a forum for a collateral attack on the sodomy conviction.  Indeed, the Court of Appeals later confirmed this when ruling on the Motion to Pronounce a Valid Judgment that Green filed in Pickens County Superior Court.  There, the Court of Appeals made clear that filing a separate writ of habeas corpus in Pickens County was the only way Green could attack his sodomy conviction.

The District Court therefore rendered a decision based on what it considered to be the Court of Appeals' erroneous interpretation of Georgia law—that Georgia law precluded it from entertaining Green's collateral attack on his sodomy conviction.  The District Court erred.  On habeas review, federal courts may not second guess state courts on questions of state law.  Green does not challenge that

20

proposition here.  Accepting the Court of Appeals' interpretation of Georgia law, it was thus correct in holding that Green did not suffer *Strickland* prejudice.  The Superior Court, applying Georgia law, would have overruled Green's attorney's timely objection to the failure-to-register prosecution on the theory that it was based on a sodomy conviction invalid under *Lawrence.*

## IV.

We reverse the District Court's judgment for the foregoing reasons and deny Green's petition for a writ of habeas corpus.

**REVERSED.**